## 60750, 60751. HAMMONDS v. THE STATE (two cases).

SOGNIER, Judge.

Appellant was convicted of armed robbery. He appeals, both pro se and through counsel, the trial court's denial of his motion for new trial.

1. Appellant contends that the trial court erred in failing to grant a new trial because the evidence was insufficient to support the verdict. Two eyewitnesses (one of whom was the victim) identified appellant as the individual who had approached them with a sawed-off shotgun, forced them to lay on the ground and be searched and drove off with the victim's car. Later the same night, appellant was seen by the police driving the stolen car, and after a high-speed chase and wreck, was arrested at the scene of the wreck. A sawed-off shotgun was found in the trunk of the car.

Appellant's wife and appellant testified that he had been home

with her at the time of the robbery and that two men had come to appellant's home the night of the robbery and asked appellant to assist them in starting a car. Appellant testified that he went with the two men, got the car started and that at the request of one of the two men, he was driving the car home when the police apprehended him.

While there are conflicts in the testimony, nevertheless, we find that a rational trier of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. *Fisher v. State,* 151 Ga. App. 93 (258 SE2d 920) (1979).

2. Appellant also contends that the trial court erred by denying his motion for a continuance. The continuance was requested to obtain a transcript of the preliminary hearing. Appellant had been granted one continuance previously to obtain the transcript, and the trial court refused to grant a second continuance. Appellant offered no reason for the delay in obtaining the transcript except that it would not be prepared prior to the time of trial. Further, the record does not indicate due diligence by appellant in acquiring the transcript after the first continuance was granted. Appellant made no showing that the transcript of the preliminary hearing was necessary for his defense.

This court has held that failure to grant a continuance based on the absence of the transcript of the committal hearing is reversible error. *Martin v. State,* 151 Ga. App. 9, 15 (258 SE2d 711) (1979); see also *Coaxum v. State,* 146 Ga. App. 370 (246 SE2d 403) (1978). However, in those cases counsel for the defense demonstrated the necessity for the transcript as well as diligence in trying to obtain a completed transcript. The granting of a motion for continuance is within the sound discretion of the trial judge, and this court will not interfere unless it is clearly shown that he has abused his discretion. *Daniels v. State,* 219 Ga. 381, 384 (133 SE2d 357) (1963); *Dent v. State,* 139 Ga. App. 321 (228 SE2d 357) (1976). Considering that the trial court granted one continuance to obtain the requested transcript, appellant's failure to show diligence in obtaining such transcript and a failure to show a need for the transcript, we find no abuse of discretion in denial of the motion for a continuance. *Chapman v. State,* 90 Ga. App. 845, 848 (84 SE2d 485) (1954).

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 6, 1981.

*Michael E. Hancock,* for appellant.
Eddie Hammonds, Jr., *pro se* (case no. 60751).
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen*

*Moye, Margaret V. Lines, Assistant District Attorneys,* for appellee.