## 67450. HILL v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of selling and distributing marijuana in violation of the Georgia Controlled Substances Act. On appeal he contends the trial court erred by denying his motion for a continuance, and by failing to charge the jury on circumstantial evidence.

1. Appellant's motion for a continuance, made at the commencement of trial, was based on three grounds. First, that he did not learn appellant's case was set for trial until the day preceding trial; second, that he did not receive a list of witnesses until the afternoon preceding the date of trial, and was therefore unable to interview state witnesses; and third, that the defense needed more time to secure a transcript from another criminal trial for use in the instant case.

Trial of the instant case commenced on January 25, 1983. At the hearing on the motion for a continuance it was brought out that a preliminary hearing in this case was held on June 23, 1982, and the transcript of that hearing was certified on July 6, 1982; on November 18, 1982 appellant entered a plea of guilty; and on January 13, 1983 appellant appeared at a sentencing hearing and was allowed to withdraw his plea of guilty. At each of these proceedings appellant was represented by Howard Scott, the same counsel who represented him at the trial of the instant case.

Appellant was arraigned (for the second time) on January 24, 1983, the day preceding trial; although Scott was not present at the arraignment, his law partner was present and stated he thought a copy of the indictment and list of witnesses had been received and discovery completed. The prosecutor received a written demand for a copy of the lab report after the arraignment, and gave a copy of that report to Scott the following day prior to trial. Finally, it was brought out that the rules of the Superior Court of Clarke County require that a motion for a continuance must be made either at the time of arraignment or prior thereto.

The trial court found that the motion was not timely made under

the rules of court, and that everything known on the date of trial had been known by appellant's counsel since early the preceding summer.

OCGA § 17-8-20 (Code Ann. § 81-1416) provides: "In all cases, the party making an application for a continuance must show that he has used due diligence." Whether that burden has been met is an issue for the discretion of the trial judge, and in the absence of a clear abuse of that discretion, this court will not interfere. *Gaines v. State,* 142 Ga. App. 181, 182 (235 SE2d 640) (1977); *Terry v. State,* 160 Ga. App. 433 (1) (287 SE2d 360) (1981). It is clear that counsel for appellant had been representing him for seven months at the time of trial, and with due diligence could have interviewed all witnesses and obtained all documents necessary to prepare for trial.

In regard to obtaining a transcript from the case of State v. Davis, also tried in Clarke County Superior Court, appellant's counsel had earlier requested the wrong portion of the Davis transcript. Additionally, appellant's counsel here represented Davis and was fully aware of the testimony of witnesses in that case. Thus, appellant's counsel had ample time and information to prepare for trial, and under the circumstances of this case, we find no abuse of discretion in the trial court's denial of the motion for a continuance. See *Holsey v. State,* 235 Ga. 270, 271 (2) (219 SE2d 374) (1975).

2. Appellant contends the trial court erred by failing to charge on circumstantial evidence because the only state witness presenting direct evidence of the marijuana transaction involving appellant was impeached. He argues that because Jackie Stowe, a co-accused, gave a different version of the *details* of the transaction involving the marijuana than Rick Hammond, an undercover agent present at the transaction, Hammond was impeached. Appellant also argues that Hammond was impeached by a showing that he perjured himself at another criminal trial.

Pretermitting the question of whether or not Hammond was impeached, Stowe's testimony itself provided direct evidence that the marijuana transaction occurred. He testified that the transaction occurred, and his testimony differed from that of Hammond only as to who negotiated the price and who got the marijuana out of a tool shed. Thus, even assuming, without deciding, that Hammond was impeached as a witness the defense itself presented direct evidence of the drug transaction. Therefore, it was not error to fail to charge the jury on circumstantial evidence. "Where there is some direct evidence involved in the case it is not error to fail to charge on circumstantial evidence." *Lane v. State,* 153 Ga. App. 622, 623 (3) (266 SE2d 298) (1980).

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

*Howard T. Scott,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Assistant District Attorney,* for appellee.