## 69147. HUNT v. THE STATE.
(327 SE2d 500)

DEEN, Presiding Judge.

Appellant Hunt was placed on probation after pleading guilty to charges of theft by receiving and possession of marijuana with intent to distribute. The probation order required, *inter alia*, that appellant refrain from using controlled substances and submit to appropriate tests to determine compliance with the latter condition. At least twice, standard tests ("EMIT" tests) ordered by appellant's probation

supervisor indicated positive results for the presence in appellant's urine of cannabinoids, the substance found in marijuana and related materials. A probation revocation hearing was scheduled for a date some six weeks following analysis of the results of the last of the series of EMIT tests. When the hearing was called, appellant's attorney submitted a handwritten motion for a continuance on the ground that appellant wished to have an independent expert evaluate the test results. The trial court denied the motion.

At the hearing two law enforcement officials were qualified as experts on testing for controlled substances and testified as to the results of appellant's tests and the validity of the EMIT test itself. The trial court ordered the remainder of appellant's probation revoked. Appellant enumerates as error the trial court's denial of his motion for continuance. *Held*:

There is some evidence of record that at some time prior to the hearing, appellant's attorney had indicated to the prosecution that he planned to have the test results submitted to an independent expert. However, the record indicates that no motion pertaining to such independent examination was filed prior to the filing of the motion for continuance on the day of the hearing. Under Georgia law, upon filing of a timely motion a defendant is entitled "to have an expert of his choosing, bound by appropriate safeguards imposed by the Court, examine a piece of critical evidence whose nature is subject to varying expert opinion." *Sabel v. State*, 248 Ga. 10, 17 (282 SE2d 61) (1981). Motions for continuance, however, "address themselves to the sound discretion of the trial court, and the ruling of the trial judge in denying a motion for continuance will not be interfered with unless the court has abused its discretion." *Shaw v. State*, 239 Ga. 690, 692 (238 SE2d 434) (1977); OCGA § 17-8-22.

Moreover, it is only upon *timely* motion that the defendant is entitled to have an independent expert examine certain evidence. *Sabel v. State*, supra at 17. This court has held that when a motion for continuance is not filed until the day of the trial or hearing, the trial court does not abuse its discretion by denying the motion. *Pressel v. State*, 163 Ga. App. 188 (292 SE2d 553) (1982). The record in the instant case shows that appellant had adequate time between the last urine test and the date of the hearing to have obtained an independent analysis, had he filed a timely motion to that effect. That appellant's counsel had apparently mentioned to the prosecution an intention to do so supports the court's position in denying the motion for continuance rather than, as appellant contends, his own position; for due diligence is required of the applicant for a continuance. OCGA § 17-8-20; *Hammonds v. State*, 157 Ga. App. 393 (277 SE2d 762) (1981). In the total circumstances of the instant case, appellant's failure to file an appropriate motion demonstrates a lack of due

diligence.

We find no error in the proceedings below.

*Judgment affirmed. Banke, C. J., Birdsong, P. J., Carley, Sognier, Pope, Benham and Beasley, JJ., concur. McMurray, P. J., dissents.*

DECIDED FEBRUARY 1, 1985 —
REHEARING DENIED MARCH 5, 1985.

*C. B. King, Henry E. Williams*, for appellant.

*Hobart M. Hind, District Attorney, Britt R. Priddy, Assistant District Attorney*, for appellee.

McMURRAY, Presiding Judge, dissenting.

I must respectfully dissent as in my view under the particular facts and circumstances in the case sub judice, appellant's motion for continuance to allow the opportunity for appellant's own expert to examine the State scientific reports should have been granted and the trial court erred in not granting same.

The State's evidence submitted to support the revocation of appellant's probation was derived from scientific analysis and the appellant should have been afforded an opportunity for his own expert to examine the State's scientific reports. There was no compelling reason for the revocation hearing to proceed without first permitting the appellant's own expert to examine the State's scientific reports.