## 70729. STROUD v. THE STATE.
### (335 SE2d 678)

CARLEY, Judge.

Appellant was convicted of one count of rape of a small child. He appeals.

1. Applying the standard enunciated in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the circumstantial evidence adduced at trial was sufficient to withstand appellant's motion for a directed verdict of acquittal and to support the verdict of guilty.

*Pugh v. State,* 250 Ga. 668, 670 (1) (300 SE2d 504) (1983); *Robinson v. State,* 168 Ga. App. 569, 570 (1) (309 SE2d 845) (1983). Compare *Kreager v. State,* 148 Ga. App. 548 (252 SE2d 1) (1978).

2. Appellant enumerates as error the denial of his motion for a continuance. The motion, which was made during the course of the trial, was based upon an alleged need for an independent scientific analysis of certain evidence.

Appellant's counsel made a pre-trial motion to discover the reports of any and all scientific analyses made with respect to the case. In response to that motion, and in accordance with OCGA § 17-7-211, the written scientific report of the State's expert was made available to the defense several months in advance of trial. Although the report itself was not included in the record, it apparently stated that certain pubic hair samples of appellant were "inconsistent" with a pubic hair found on the victim's bed sheet. During a pre-trial interview conducted by an assistant to appellant's counsel, the expert who prepared the report orally confirmed its contents and apparently informed the assistant that the hairs "did not match."

Thereafter, on the very day of trial, defense counsel himself spoke with the State's expert. At that time, he learned that the expert planned to testify that although appellant's hair samples were "inconsistent" with the hair found on the sheet, the dissimilarities were not sufficient to exclude appellant as a possible donor of that hair. Appellant's counsel contended that this proposed testimony was in direct conflict with the information which had been included in the written report and confirmed in the earlier interview. He further contended that he was surprised thereby, and that he was accordingly entitled to a continuance in order to have the hairs analyzed by an independent expert. However, when the trial court heard evidence on the motion for a continuance, the State's expert explained that she had not changed her opinion that the hairs were "inconsistent," and that she did not now contend that the hairs "matched." She further explained that she had not been asked during the earlier interview whether appellant could be excluded as the donor of the hair on the sheet. Upon due consideration, the trial court denied the motion for a continuance, noting that the evidence had been available to the defense for several months, and that the motion made while the trial was in progress was not timely.

"Under Georgia law, upon filing of a timely motion a defendant is entitled 'to have an expert of his choosing, bound by appropriate safeguards imposed by the Court, examine a piece of critical evidence whose nature is subject to varying expert opinion.' [Cit.] Motions for continuance, however, 'address themselves to the sound discretion of the trial court, and the ruling of the trial judge in denying a motion for continuance will not be interfered with unless the court has

abused its discretion.' [Cits.] Moreover, it is only upon *timely* motion that the defendant is entitled to have an independent expert examine certain evidence. [Cit.] This court has held that when a motion for continuance is not filed until the day of the trial or hearing, the trial court does not abuse its discretion by denying the motion. [Cit.] . . . . [D]ue diligence is required of the applicant for a continuance. [Cits.]" *Hunt v. State*, 173 Ga. App. 638, 639 (327 SE2d 500) (1985). A trial judge's determination that an applicant for a continuance has not met his burden of showing due diligence will not be reversed absent a clear abuse of discretion. *Hill v. State*, 169 Ga. App. 940, 941 (315 SE2d 480) (1984). No such clear abuse has been shown in the case at bar. See generally *Hunt v. State*, supra; *Lucas v. State*, 174 Ga. App. 580 (1) (330 SE2d 792) (1985). Compare *Dempsey v. State*, 151 Ga. App. 784 (261 SE2d 733) (1979).

3. Appellant further enumerates as error the admission of the aforementioned expert witness' testimony. This enumeration appears to be based upon an assertion that the provisions of OCGA § 17-7-211 were violated. As previously noted, however, the written scientific report of the State's expert witness was timely supplied in response to a motion therefor. No violation of OCGA § 17-7-211 has been shown. See generally *Hartley v. State*, 159 Ga. App. 157, 158 (2) (282 SE2d 684) (1981); *Sears v. State*, 161 Ga. App. 515 (288 SE2d 757) (1982); *Faircloth v. State*, 253 Ga. 67, 68 (2) (316 SE2d 457) (1984). "Only where the prosecuting attorney fails altogether to furnish the [requested] document does the exclusionary rule apply." *Law v. State*, 251 Ga. 525, 528 (307 SE2d 904) (1983). Since the requested document was timely provided to the defense, the trial court did not err in admitting the challenged testimony.

4. Appellant testified on his own behalf. During cross-examination, he admitted that he had drunk several beers on the evening of the incident in question. The State then inquired whether appellant had taken any drugs that evening, expressly referring to Quaaludes and Valium, and appellant denied having taken such drugs. At that point, appellant's counsel moved for a mistrial on the ground that the State, by raising the topic of drugs, had impermissibly placed appellant's character in issue. The motion was denied, but curative instructions were given to the jury.

Appellant asserts that the denial of his motion for a mistrial constituted an abuse of discretion, and that curative instructions were insufficient to remove the taint caused by the improper questioning. However, the questions asked of appellant were not so flagrantly prejudicial as to require the grant of a mistrial under the circumstances of the instant case. Since the questions were answered in the negative, no prejudicial information was actually presented to the jury, and appropriate instructions to disregard any possible unfavorable infer-

ences were given. We do not find such prejudice as would deprive appellant of his right to a fair trial. See *Chatham v. State*, 155 Ga. App. 154, 157 (5) (270 SE2d 274) (1980), reversed on other grounds, 247 Ga. 95 (274 SE2d 473) (1981). "[T]he trial judge did not abuse his discretion in refusing to declare a mistrial. The granting or refusing of a motion for mistrial is necessarily a matter largely within the discretion of the trial judge, and unless it is apparent that a mistrial is essential to the preservation of the right to a fair trial, the exercise of the judge's discretion will not be interfered with. [Cits.] When prejudicial matter is placed before the jury in a criminal case, the trial judge must decide whether a mistrial must be granted as the only corrective measure or whether the prejudicial effect can be corrected by withdrawing the testimony from the consideration of the jury under proper instructions. [Cit.] Here, the trial judge acted immediately, ruled out the offensive testimony, and properly instructed the jury not to consider the testimony in its deliberations. [Cit.] Under the facts of this case, we cannot say that this amounted to an abuse of discretion." *Stanley v. State*, 250 Ga. 3, 4 (2) (295 SE2d 315) (1982).

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 17, 1985 —
REHEARING DENIED OCTOBER 2, 1985.

*Victor C. Hawk, Jacque D. Hawk*, for appellant.

*Robert F. Mumford, District Attorney, Shirley A. Champa, Assistant District Attorney*, for appellee.