A94A0539. BURCH v. THE STATE.
(444 SE2d 370)

BEASLEY, Presiding Judge.

Appellant was convicted of manufacture of marijuana, OCGA § 16-13-30 (b), and possession of marijuana. OCGA § 16-13-30 (a).

Appellant appeared at his father's house under the influence of alcohol and drugs. His father asked him to leave but he refused to do so, and his father called the sheriff's office. Deputy Nobles was dispatched to the scene. In order to prevent appellant from striking his father, Nobles sprayed appellant with mace and appellant ran into the woods. Nobles radioed Deputy Thompson for assistance. Appellant's father told the deputies appellant was staying at a nearby campsite, so Thompson went there to look.

Thompson is a certified law enforcement officer with special training in identification of marijuana plants. He has seized or seen growing approximately 10,000 such plants. At the campsite, he seized a clear plastic bag in front of appellant's tent. It contained a substance which from sight and smell appeared to be marijuana. He also seized four or five plants growing in a tomato can because they appeared to be marijuana. From inside the tent he seized other bags containing what appeared to be marijuana. Next to some of it, he

found planting soil and lime, which are used to grow marijuana. He put the can and plants in a temporary evidence locker.

An analyst with the State Crime Lab testified that, so as not to report false positives, the crime lab performs three tests on marijuana: thin-layer chromatography, microscopic evaluation, and a Duquenois-Levine test. All three tests must be positive before the crime lab can positively identify a substance as marijuana. The analyst testified that the plant sample she received was "fairly young," she could not get "a very good sample, amount-wise," and only one or two of the tests was positive. Consequently, she testified that the tests she performed indicated that the plant sample was marijuana, but she could not positively identify it as marijuana. All three tests performed on the leafy material in the plastic bags were positive for marijuana.

After cross-examining the last State's witness, appellant moved to suppress the evidence seized at the campsite, on the ground that the warrantless search was illegal. The State countered that any such motion was untimely. The court admitted the evidence. It also denied appellant's motion for a directed verdict of acquittal on the charge of manufacturing marijuana.

1. Appellant's motion to suppress was too late and falls as did the appellant's in *Dixson v. State*, 191 Ga. App. 410 (1) (382 SE2d 357) (1989):

"Appellant made his suppression motion orally, and for the first time, during the trial. OCGA § 17-5-30 (b) requires that the motion 'shall be in writing and state facts showing that the search and seizure were unlawful.' 'Although the Code does not provide for a specific time when such motion must be filed, it is clear that it shall be filed before trial as the "purpose is to avoid the interruption of the trial for the purpose of investigating the collateral issue of the legality of the means by which the evidence was obtained." (Cits.) . . . "(A) failure to interpose a timely motion to suppress . . . constitutes a waiver of the constitutional guarantee with respect to the search and seizure in question." (Cits.) . . . And, motions made during trial are properly held to be dilatory. (Cit.)' [Cit.] Since appellant did not show that he became aware of the allegedly illegal seizure at such a late hour that a written motion was impossible ([cit.]), the trial court did not err in its ruling."

Another reason for insisting on timeliness is that after the jury has heard the evidence, it would be nearly impossible, at best, for the evidence to be excluded from their deliberations if such a motion were successful.

2. The court did not err in denying appellant's motion for directed verdict of acquittal on the charge of manufacturing marijuana.

The test established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), is the proper one for us to use when the

sufficiency of the evidence is the ground for challenging the overruling of a motion for directed verdict. *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984). That test requires the evidence to be reviewed in the light most favorable to the prosecution. Id.

Without objection, Deputy Thompson testified that, based on his training and experience, the plants appeared to be marijuana. The analyst with the crime lab testified that tests performed by her indicated that the plant sample she tested was marijuana. The jury was authorized to find that the reason the three tests were not positive was because the plants were young, had deteriorated, and the test sample was small. Circumstantial evidence in the form of materials used to grow marijuana was found in the vicinity of the plants.

Cumulatively, this evidence was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that these were marijuana plants. See *Partain v. State*, 139 Ga. App. 325, 326 (5) (228 SE2d 292) (1976), aff'd 238 Ga. 207 (232 SE2d 46) (1977); see generally Annotation, Sufficiency of Prosecution Proof that Substance Defendant is Charged with Possessing or Selling, or Otherwise Unlawfully Dealing in, is Marijuana, 75 ALR3d 717 (1977); compare *Osborn v. State*, 161 Ga. App. 132, 138 (7) (291 SE2d 22) (1982).

*Judgment affirmed. Andrews and Johnson, JJ., concur.*

DECIDED MAY 11, 1994 —
RECONSIDERATION DENIED MAY 31, 1994 —

*J. Kelly Brooks, John B. Adams*, for appellant.
*H. Donnie Dixon, Jr., District Attorney, Lucy J. Bell, Alexander J. Markowich, Assistant District Attorneys*, for appellee.