A95A2027. PATRICK v. THE STATE.
(467 SE2d 211)

</div>

McMURRAY, Presiding Judge.

Defendant was indicted for possession of cocaine with intent to distribute and possession of cocaine with intent to distribute within 1,000 feet of a public housing project. At a jury trial, Officer Wayne Taylor and Captain Jack Wood of the City of Cordele Police Department testified that they were performing undercover surveillance in an area known for illegal drug activity when they observed defendant and a group of other suspects engaging in conduct which appeared to be consistent with illegal drug activity. The officers testified that they heard defendant solicit the sale of illegal drugs and that they observed several exchanges within the huddle of suspects. Officer Taylor testified that he radioed for a mobile patrol unit to flush defendant and his associates toward the undercover officers' position and that he and Captain Wood surprised defendant as the suspects (consisting of defendant and at least two or three other people) moved toward the officers' lure. Officer Taylor testified that defendant "looked up and saw us[,] called Captain Wood's name and began to back up." Officer

Taylor explained that, as he and Captain Wood ran toward defendant, he observed defendant's "hands fly up, [and] saw something come out of [defendant's] right hand and a small plastic bag hit him in the chest." Captain Wood testified that, "when [he] started after [defendant, defendant] reached . . . and took the plastic bag out and threw it from right inside his pants here, and at that time [he] took [defendant] down to the ground and held him down mostly for fear that [defendant] would come out with a gun." Officer Taylor testified that he helped subdue defendant and that he then "went back and retrieved what was in the plastic bag." Captain Wood testified that defendant was found to be in possession of "a package of rolling papers[,] one single edged razor blade[,] two pocket knives [and] $41.00 in cash." A Georgia Bureau of Investigation ("GBI") crime laboratory scientist testified that the razor blade found in defendant's possession tested positive for the presence of cocaine and that the plastic bag contained 2.1 grams of "free base or crack" cocaine.

Defendant called three eyewitnesses who testified that defendant was subdued by law enforcement officers immediately after he announced to other loitering suspects that the officers were hiding in some nearby bushes. One of these eyewitnesses testified that Gregory King tossed the bag of cocaine when the officers approached. Another testified that he did not observe defendant throw anything to the ground when the officers appeared and that Gregory King was in the area at the time of defendant's arrest. And a third defense witness testified that he did not observe defendant throw anything to the ground. Gregory King corroborated this evidence, testifying that he did not observe defendant throw a bag of cocaine to the ground. Two of defendant's witnesses admitted, however, that they were inmates with defendant at the Crisp County Jail and all four witnesses were shown to be convicted felons. Defendant testified on his own behalf, denying that he possessed the bag of cocaine and explaining that he dropped a pack of cigarettes when Captain Wood attacked him. Defendant also testified that he was not in possession of a razor blade at the time of his arrest.

The jury found defendant guilty on both counts of the indictment. This appeal followed the denial of defendant's motion for new trial. *Held*:

1. Defendant contends the trial court erred in denying his motion for a continuance, arguing the State did not provide him with timely notice of the results of a scientific test indicating the presence of cocaine on the razor blade that was allegedly taken from him at the time of his arrest. Defendant claims that, he, too should have been given an opportunity to test the razor blade for the presence of cocaine.

Before announcing ready for trial on March 7, 1994, defense

counsel complained that the State's attorney did not advise him until the Friday before trial (March 4, 1994) about the results of the State crime laboratory's test of the razor blade that was allegedly seized from him at the time of his arrest. The State's attorney responded that he notified defense counsel (via telephone) about the test results as soon as the State crime laboratory notified him. The State's attorney also explained that the crime laboratory's delay in testing the razor blade was "[b]ecause of their shortage of personnel they examined the drugs and simply didn't analyze the [razor blade]; and [that] in preparation of trial, [he] asked [the crime laboratory on Friday, March 4, 1993, to] go ahead and analyze [the razor blade] as well." The trial court asked defense counsel, "What is the most that you could have done, gotten your own scientist to analyze it?" And defense counsel responded: "We would have, as far as the razor blade itself is concerned, we would have, in dealing with our witnesses that we were going to call in the case, their knowledge as to whether there was any possession of such a razor blade, whether they were aware of such a razor blade. We would have gone further; we may have, if we'd got it, had a scientific report of our own done."

"Under Georgia law, upon filing of a timely motion a defendant is entitled 'to have an expert of his choosing, bound by appropriate safeguards imposed by the Court, examine a piece of critical evidence whose nature is subject to varying expert opinion.' *Sabel v. State*, 248 Ga. 10, 17 (282 SE2d 61) (1981). Motions for continuance, however, 'address themselves to the sound discretion of the trial court, and the ruling of the trial judge in denying a motion for continuance will not be interfered with unless the court has abused its discretion.' *Shaw v. State*, 239 Ga. 690, 692 (238 SE2d 434) (1977); OCGA § 17-8-22. . . . [And this] court has held that when a motion for continuance is not filed until the day of the trial or hearing, the trial court does not abuse its discretion by denying the motion. *Pressel v. State*, 163 Ga. App. 188 (292 SE2d 553) (1982)." *Hunt v. State*, 173 Ga. App. 638, 639 (327 SE2d 500).

Although it is undisputed in the case sub judice that defendant was aware over seven months before trial about the State's allegation that he was in possession of a razor blade at the time of his arrest, defendant did not request an independent analysis of the razor blade until his case was called for trial. Defendant excuses his delay in requesting such an independent analysis by pointing out that the State's scientific report (which was given to him several months before trial pursuant to an OCGA § 17-7-211 request) indicated that the razor blade was not tested by the State's crime laboratory. Defendant thus reasons that he was surprised when the State's attorney notified him during the afternoon of the last business day before trial that the presence of cocaine on the razor blade would be an issue at

trial. Similar arguments, however, were asserted and rejected under analogous circumstances in *Stroud v. State*, 176 Ga. App. 300, 301 (2) (335 SE2d 678), and *Hunt v. State*, 173 Ga. App. 638, 639, supra. For the reasons stated in these opinions, we cannot say the trial court abused its discretion in denying defendant's motion for a continuance. If defendant desired an independent analysis of the items allegedly seized from his possession at the time of his arrest, defendant should have requested such an analysis long before trial. The failure to do so indicated a lack of due diligence. *Stroud v. State*, 176 Ga. App. 300, 301 (2), supra, and *Hunt v. State*, 173 Ga. App. 638, 639, supra. See also *Kendrix v. State*, 206 Ga. App. 627 (2) (426 SE2d 251).

2. Defendant's contention that the evidence was insufficient to support the jury's verdicts is without merit. Although conflicting, the evidence adduced at trial is sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of possession of cocaine with intent to distribute and possession of cocaine with intent to distribute within 1,000 feet of a public housing project. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Turner v. State*, 210 Ga. App. 328, 329 (1) (436 SE2d 66).

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED JANUARY 22, 1996.

*John W. Sherrer, Jr.*, for appellant.
*John C. Pridgen, District Attorney*, for appellee.