A97A2209. BELCHER v. THE STATE.
(496 SE2d 306)

JOHNSON, Judge.

A jury found Ronald Belcher guilty of robbery by sudden snatch-

ing. Viewed in the light most favorable to support the verdict, the evidence shows that on December 11, 1996, a man snatched Mary Ray's purse from her arm as she stood in front of the General Dollar Store in Adel, Georgia. A cashier inside the store called the police, and an officer arrived within one minute. Ray told the officer that a black male of medium build wearing a red shirt and tan shorts took her purse and ran south toward the railroad tracks. The officer radioed this information to another officer in the area. Ray's purse contained $198, which included one $100 bill. The second officer found the purse and clothing matching the description of that worn by the robber in bushes beside the railroad tracks. A short time before this discovery, the second officer had seen Belcher coming around a house next to the tracks and just yards from where the purse and clothing were found. Belcher was picked up for questioning. Upon further investigation, one of the officers noticed that clothing appeared to be missing from the clothesline behind the house where Belcher was seen. The clothes on the line were still damp. When the officer met Belcher at the police station, he noticed that Belcher's clothes were also damp. A search of Belcher's person revealed $198, including one $100 bill. Shortly thereafter, Belcher gave a recorded statement admitting his guilt.

From the judgment of conviction entered upon the jury's verdict, Belcher appeals. For the reasons set out below, we affirm.

1. In his first enumeration of error, Belcher contends the court erred in denying his oral motion to suppress the money evidence obtained from the search of his person. Belcher made this motion during trial.

OCGA § 17-5-30 (b) provides that a motion to suppress "shall be in writing and state facts showing that the search and seizure were unlawful." Oral motions are not authorized. *Jenkins v. State*, 198 Ga. App. 843, 844 (403 SE2d 859) (1991). Moreover, this Court has held that a motion to suppress must be filed before trial to effectuate its purpose of avoiding the interruption of trial. *Burch v. State*, 213 Ga. App. 392, 393 (1) (444 SE2d 370) (1994). Because Belcher failed to timely interpose a proper motion to suppress, and because he did not offer at trial an explanation for this failure, he waived the right to challenge the admissibility of the evidence on this ground. Id.; *Rucker v. State*, 250 Ga. 371, 375 (11) (297 SE2d 481) (1982).

2. In his remaining enumerations of error, Belcher contends the trial court erred in admitting the following physical evidence: shoes, a shirt, a property receipt, a *Miranda* form, and the tape of his recorded statement. Belcher did not object when these items were identified and discussed or when the taped statement was played for the jury. Pretermitting whether the court erred in admitting these items, they are clearly cumulative of evidence which was already

before the jury without objection. "Evidence is harmless where admissible evidence of the same fact is before the jury." (Citations and punctuation omitted.) *Arrington v. State*, 224 Ga. App. 676, 680 (3) (b) (482 SE2d 400) (1997).

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED JANUARY 16, 1998.

*Jack W. Carter*, for appellant.

*Robert B. Ellis, Jr., District Attorney, Timothy L. Eidson, Assistant District Attorney*, for appellee.