A98A0567. WILLIAMS v. THE STATE.
(497 SE2d 660)

ELDRIDGE, Judge.

Bernard Williams was indicted for simple possession of cocaine and misdemeanor theft by taking. He appeals a Lanier County jury verdict finding him guilty of the simple possession count; the jury acquitted on the theft by taking. We are constrained to confirm.[1]

1. Appellant contends that the trial court erred by denying defense counsel, J. J. Strickland's, motion for continuance, because of insufficient time to prepare for trial. We do not agree with this contention.

Strickland's motion asserts that he was appointed on Friday, November 22, 1996.[2] The record demonstrates that the state informed Strickland prior to his appointment that appellant was unrepresented and that Strickland would most probably be appointed. The trial date was scheduled for December 2, 1996. Before noon on Wednesday, November 27, defense counsel left town on vacation. No conflict letter was filed. Defense counsel's motion for continuance was filed on the day of trial and cited the lack of time to investigate as the basis therefor, "due to the number of state witnesses."

---

[1] We affirm this simple possession conviction based upon the appellant's three, *specific* enumerations of error. However, this Court does not condone the conduct of the state, which improperly placed appellant's character into evidence by asking the local police chief: "Isn't it true that the defendant now has two counts pending of sale of cocaine and five armed robbery charges?" Contrary to the state's argument to the trial court, appellant did *not* open the door to this inquiry by cross-examining the police chief regarding the character of appellant's friends. The trial court erred in overruling objection to questions regarding appellant's pending charges. Thereafter, although appellant was only charged with simple possession and misdemeanor theft, the state argued in closing: "[T]here's people like Bernard Williams [appellant] out there on the street. There's people like him out there that *sell* crack to people that get them hooked on it so they have to go steal. . . . These people go out and commit *armed robberies*. People like Bernard Williams." (Emphasis supplied.)

[2] The trial court's order appointed Strickland on Thursday, November 21.

In this case, the state called four witnesses, one of whom was the crime lab technician, the substance of whose testimony regarding positive test results was known to Strickland. Strickland had interviewed "one or two" witnesses, which included Annette Golden, the only substantive witness as to the possession offense. The Lakeland Police Chief, William Davis, was available to be interviewed at any time. The only other witness exonerated appellant as to the misdemeanor theft charge.

"A motion for continuance predicated upon a claim of insufficient time to prepare for trial is addressed to the sound discretion of the trial court, and will not be interfered with unless it is clearly shown that the court abused its discretion." *Payne v. State*, 207 Ga. App. 312, 314 (428 SE2d 103) (1993). Based upon the record before this Court, appellant has not clearly shown that the trial court abused its discretion in denying defense counsel's motion for continuance.[3]

2. Appellant's second, third, and fourth enumerations of error are based upon the same allegation: during its case-in-chief, the state failed to prove that appellant had possession of the cocaine. We disagree.

Annette Golden, owner of the Hobo Cafe, served appellant breakfast at approximately 10:15 a.m. She became concerned because appellant "acted strange," as if he was "under the influence of drugs or alcohol." No one else was in the restaurant. She called Lakeland Police Chief William Davis to "come check him out." Chief Davis arrived and questioned appellant, who was sitting at one of the tables in the Hobo. Chief Davis exited the restaurant to call for backup. While Davis was outside, Golden saw appellant get up from his table and walk over to the steamtable where the to-go salt and pepper packets are kept in a basket. Appellant returned to his table and used the salt and pepper packets on his breakfast, although salt and pepper shakers were on his table.

Immediately thereafter, Chief Davis returned and questioned appellant regarding a bicycle that appellant had been using. Based upon appellant's response, Davis arrested him for theft of the bike.[4] Pursuant to arrest, a pocketknife was seized from appellant.

A few minutes after appellant was removed from the restaurant by the police, Golden found a wadded-up paper towel on the steamtable next to the to-go salt and pepper packets, where Golden had

---

[3] Under this same enumeration of error, appellant contends that he had insufficient time to prepare a motion to suppress, as demonstrated by his failure to file one. This ground was not raised at trial as a basis for the continuance motion. " 'Issues raised for the first time on appeal will not be considered by this court.' " *Cooper v. State*, 200 Ga. App. 560 (1) (408 SE2d 797) (1991). Further, the failure to file such motion does not show that one could not have been filed.

[4] Appellant's arrest has not been challenged, either at trial or before this Court.

seen appellant standing. The paper towel had not been there prior to appellant's trip to the steamtable, and no one else had been to the steamtable. The towel contained three rocks of an unidentified substance. The three rocks tested positive for cocaine. In addition, appellant's pocketknife tested positive for cocaine residue.

During the defense's case-in-chief, appellant, as the only witness for the defense, testified that he never went to the steamtable, and the drugs were not his; he hypothesized that Chief Davis contaminated appellant's pocketknife with cocaine residue.

"It is solely within the purview of the jury to weigh conflicting evidence and judge the credibility of the witnesses." *Cannon v. State*, 223 Ga. App. 248 (477 SE2d 381) (1996). In this case, the jury resolved any conflict in favor of the state, and this Court will not substitute its judgment as to witness credibility for that of the jury. *Green v. State*, 218 Ga. App. 648, 649 (1) (463 SE2d 133) (1995). We find that the state produced circumstantial evidence of appellant's guilt sufficient to exclude every other reasonable hypothesis save that of his guilt and sufficient to allow the jury to find him guilty beyond a reasonable doubt. OCGA § 24-4-6; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED MARCH 11, 1998.

*John W. Strickland, Jr.,* for appellant.
*Robert B. Ellis, Jr., District Attorney, Timothy L. Eidson, Assistant District Attorney,* for appellee.