## A99A1266. BROWN v. THE STATE.

(521 SE2d 925)

MILLER, Judge.

Convicted of selling cocaine, John Anthony Brown filed a motion for new trial, which the court denied. Claiming the trial court erred, he argues the evidence produced at trial was insufficient to support the verdict.

The denial of a motion for new trial is within the discretion of the trial court and will not be disturbed if there is any evidence to authorize the verdict. *Pettus v. State*, 237 Ga. App. 143 (1) (514 SE2d 901) (1999); see OCGA § 5-5-21. We review the evidence in the light most favorable to the verdict to determine if it is sufficient for a rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *Pettus*, supra; see *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Georgia Bureau of Investigation Agent Posey was performing a narcotics investigation by making street-level crack cocaine buys when his undercover vehicle was approached by Brown and Joshua Gosier. A hidden camera recorded a videotape of the transaction, which was presented to the jury at trial. Agent Posey testified that he requested $60 of cocaine from Gosier who then extended his hand and received something from Brown. He further testified that "he [Gosier] then walked directly to me without even changing the position of his hand and without obtaining anything from his own person, handed me a quantity of suspected crack cocaine." Although the videotape recorded the transaction with both Brown and Gosier present, it did not record Brown handing something to Gosier. Gosier, throughout his testimony, contended that Brown was not involved in the cocaine transaction and was merely observing.

Where there is conflicting evidence, it is solely within the purview of the jury to weigh the evidence and decide upon the credibility of the witnesses. As long as there is some competent evidence, even if contradicted, to support the facts necessary for the State's case, the jury verdict will be upheld. *Ellison v. State*, 233 Ga. App. 637 (504 SE2d 779) (1998); *Williams v. State*, 231 Ga. App. 123, 125 (2) (497 SE2d 660) (1998).

The evidence sufficed to sustain the conviction. *Jackson*, supra. *Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED SEPTEMBER 2, 1999.

*William M. Shingler*, for appellant.
*Charles M. Ferguson, District Attorney*, for appellee.