## A00A1688. BERRY v. THE STATE.
### (539 SE2d 516)

JOHNSON, Chief Judge.

Sterling Berry was accused of possessing cocaine. He pled not guilty to the accusation, and the case was set for trial. The day before his trial, Berry filed a motion to suppress the cocaine on the basis that it had been unlawfully seized. The judge denied the motion because it was untimely.

Berry then moved in limine to exclude evidence of the cocaine because he had not received a copy of the state laboratory report. The prosecutors explained that they had gotten the report from the state laboratory only seven days before trial and that they had immediately mailed a copy of the report to Berry. Berry apparently did not receive this mailed copy, but was given a copy of the report the morning of trial. The court denied the motion in limine, and Berry next asked for a continuance of the trial so he could possibly hire his own expert witness. The trial court denied the motion to continue.

Berry then agreed to waive a jury trial and to proceed with a bench trial based solely on stipulated facts as set forth in the police report and the lab report, but only if he still preserved his rights to challenge on appeal the denials of his motions to suppress, in limine and for a continuance. The state and the court agreed with the procedure, and the case was tried before the judge without a jury.

The stipulated facts as set forth in the police report show that an officer saw Berry and two other men sitting on a bench at a bus stop. When the officer and his partner approached the men, they stood up and got on a bus. But the bus driver would not let Berry and one of the other men stay on the bus because they did not have bus fare. The officer asked Berry why he had tried to get on a bus without bus fare, and as he talked to Berry he noticed a bulge that looked like a knife or other weapon in Berry's pocket. The officer checked the pocket and found two hits of suspected cocaine. According to the laboratory report, the substance taken from Berry tested positive for cocaine. Based on the police and laboratory reports, the court found Berry guilty of possessing cocaine.

Berry appeals from his conviction, challenging the denials of his

motions to suppress, in limine and for a continuance. Berry's challenges are without merit, and we therefore affirm his possession of cocaine conviction.

1. A motion to suppress unlawfully seized evidence must be filed at or before the defendant's arraignment unless the time for filing is extended by the judge.[1] Berry did not file his motion to suppress at or before arraignment and, instead, without having gotten an extension from the judge, waited until the day before trial to file the motion. Because of the untimely filing of his motion, the trial court did not err in finding that Berry had waived his right to challenge the admissibility of the evidence seized from him.[2]

2. No later than ten days before trial, the prosecuting attorney shall permit the defendant to inspect and copy any scientific test reports.[3] If the state gives the defendant late notice of a scientific report, the court may order the state to permit the discovery, grant a continuance or, upon a showing of prejudice and bad faith, exclude the evidence.[4]

(a) *Motion in limine.* In the instant case, Berry made no showing of bad faith by the state. On the contrary, it is apparent that the prosecutors·acted in good faith by immediately mailing a copy of the report to Berry once they had received it themselves.[5] Absent any evidence of bad faith, the trial court did not err in denying Berry's motion in limine to exclude evidence of the scientific test results.

(b) *Request for a continuance.* The trial court's denial of Berry's request for a continuance will not be interfered with unless the court abused its discretion.[6] Berry asked for the continuance so he could hire his own expert, and he certainly would have been entitled to have an independent expert examine the substance if he had filed a timely motion for such an examination.[7] Berry had several months before trial when he could have moved for an independent expert examination of the substance seized from him; he did not have to wait until he received the state's report to move for such an examination. But Berry failed to make such a pre-trial motion and instead waited until the day of trial to orally ask for his own expert examination. Given such an untimely oral request, the trial court did not

---

[1] Uniform Superior Court Rule 31.1; *Stewart v. State*, 232 Ga. App. 565, 567 (2) (502 SE2d 502) (1998).

[2] See id.; *Belcher v. State*, 230 Ga. App. 235, 236 (1) (496 SE2d 306) (1998).

[3] OCGA § 17-16-4 (a) (4).

[4] *Pace v. State*, 271 Ga. 829, 839 (21) (a) (524 SE2d 490) (1999); *Brady v. State*, 233 Ga. App. 287, 289 (2) (503 SE2d 906) (1998).

[5] See id. at 290-291 (2).

[6] See *Patrick v. State*, 219 Ga. App. 888, 890 (1) (467 SE2d 211) (1996).

[7] See id.; *Hunt v. State*, 173 Ga. App. 638, 639 (327 SE2d 500) (1985).

abuse its discretion in denying Berry a continuance on that basis.[8]

In his appellate brief, Berry argues that he needed the continuance in order to research the state crime laboratory testing methods so that he could adequately cross-examine the state's expert witness. Berry, however, has not indicated where in the trial transcript he raised this argument, and our review of the transcript has not revealed that he made this argument at trial. Berry's failure to raise this argument in the trial court precludes us from considering it for the first time on appeal.[9]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 14, 2000.

*David D. Bishop*, for appellant.
*Paul L. Howard, Jr., District Attorney, George W. K. Snyder, Jr., Assistant District Attorney*, for appellee.

