## A10A0918. THORNTON v. THE STATE.

(700 SE2d 669)

DOYLE, Judge.

Following a jury trial, Eddie Thornton appeals from his conviction of false imprisonment,[1] robbery,[2] battery,[3] and obstruction of an officer.[4] Thornton contends that (1) he received ineffective assistance of counsel, and (2) the trial court erred by denying his personal request for a continuance to hire a new attorney. For the reasons that follow, we affirm.

Construed in favor of the verdict,[5] the evidence shows that as Erin Haney drove into her apartment complex after work, she noticed Thornton standing in the breezeway a few feet from where she parked her car. Haney remained in her car, closely observing Thornton to determine whether she had met him before. After monitoring Thornton, she exited her car and went inside her ground-floor apartment. About 20 minutes later, Haney exited her apartment to go out for the evening and noticed Thornton still in the apartment complex. As Haney approached her car, Thornton violently attacked her from behind, grabbing her lower jaw with his hand inside her mouth in an attempt to keep her quiet. Haney fought and screamed, but Thornton ultimately forced Haney back inside her apartment, where he robbed her of her keys and purse, which contained cash and her only telephone. Thornton then left the apartment, and after Haney composed herself, she retrieved her handgun and a spare car key to drive to a phone. As Haney stepped outside her door, she encountered and confronted Thornton, who eluded Haney after a short foot chase.

Haney found her cell phone nearby and called the police. That same evening, police arrested Thornton based on Haney's description, and she identified Thornton in a "show up" identification. Thornton was charged with five offenses based on the attack and his arrest, and he was convicted on all counts except for a kidnapping charge. Following the denial of his motion for new trial, Thornton filed this appeal.

1. Thornton contends that he received ineffective assistance of counsel on the grounds that his trial counsel failed to (a) give a valid legal excuse for seeking a continuance, (b) obtain an expert witness to challenge certain fingerprint evidence, and (c) object to the

---

[1] OCGA § 16-5-41 (a).

[2] OCGA § 16-8-40 (a).

[3] OCGA § 16-5-23.1 (a).

[4] OCGA § 16-10-24 (a).

[5] See *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

admission of the fingerprint evidence. We find no merit to these arguments.

To succeed on an ineffective assistance claim, a criminal defendant must demonstrate both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance.[6] "There is a strong presumption that the performance of trial counsel falls within the wide range of reasonable professional assistance. The reasonableness of the conduct is viewed at the time of trial and under the circumstances of the case."[7] If an appellant fails to meet his burden of proving either prong of the *Strickland* test, the reviewing court need not examine the other prong.[8] In reviewing the trial court's decision, "[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts."[9]

(a) *Failure to provide legal excuse for a continuance.* On the first day of trial, the State announced that it was ready to proceed, and Thornton requested a continuance, stating that he did not have a legal excuse. The trial judge denied the request, and Thornton now contends that his trial counsel performed deficiently by failing to argue that he was entitled to more time because of an alleged discovery violation by the State.

Thornton relies on OCGA § 17-16-4 (a) (4), which provides that

[t]he prosecuting attorney shall, no later than ten days prior to trial, or as otherwise ordered by the court, permit the defendant at a time agreed to by the parties or ordered by the court to inspect and copy or photograph a report of any physical or mental examinations and of scientific tests or experiments, . . . if the state intends to introduce in evidence in its case-in-chief or in rebuttal the results of the physical or mental examination or scientific test or experiment. . . .

Here, four days before trial, the State received a report regarding certain fingerprints taken from the scene of the attack. That same day, the State informed Thornton's trial counsel that it had

---

[6] See *Strickland v. Washington*, 466 U. S. 668, 687-688, 694 (III) (A)-(B) (104 SC 2052, 80 LE2d 674) (1984).

[7] (Citation and punctuation omitted.) *Williams v. State*, 277 Ga. 853, 857 (6) (596 SE2d 597) (2004).

[8] See *Strickland*, 466 U. S. at 697 (IV); *Fuller v. State,* 277 Ga. 505, 507 (3) (591 SE2d 782) (2004).

[9] (Punctuation omitted.) *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

received the report, and the next day, three days prior to trial, trial counsel examined the State's file and received copies of the new material.[10]

On the first day of trial, Thornton's trial counsel requested a continuance, and the trial court was made aware of the fingerprint report and the timing of its availability to Thornton. Thornton did not explicitly argue that he was entitled to a continuance for an alleged violation of OCGA § 17-16-4 (a) (4), and the trial court denied his generalized request for a continuance.

Even if we were to assume that trial counsel's failure to make the specific argument was a result of trial counsel's deficient performance,[11] Thornton must show how he was prejudiced by trial counsel's failure to obtain a continuance. Thornton argues on appeal that "had an independent analysis proven that the fingerprints were not those of Appellant, the State's case would have been essentially destroyed, resulting in the acquittal of Appellant." Putting aside the fact that this argument ignores the uncontroverted testimony of the victim (who identified Thornton as her attacker after having carefully studied his appearance before she got out of her car) and ample circumstantial evidence tying Thornton to the crimes, Thornton "cannot show prejudice resulting from the lack of opportunity for expert review of the [fingerprint report] because no expert testified at the motion for new trial hearing. Without this testimony, we cannot evaluate whether there is a reasonable probability that the outcome of the proceeding might have been different."[12] Therefore, Thornton has failed to meet his burden to show ineffective assistance of counsel on this basis.

Moreover, the trial court explicitly noted in the new trial hearing that trial counsel's strategy was to contest the occurrence of any kidnapping offense, which carried a mandatory minimum prison sentence of ten years,[13] and essentially concede the lesser crimes.[14] Therefore, further analyzing the fingerprint evidence was not material to this trial strategy. At the motion for new trial hearing,

---

[10] Thornton had requested discovery pursuant to OCGA § 17-16-2 (a).

[11] See, e.g., *Brady v. State*, 233 Ga. App. 287, 291 (2) (503 SE2d 906) (1998) (holding that a trial court erred by denying a defendant's request for a continuance based on OCGA § 17-16-4 (a) (4) when the State provided a fingerprint report only four days prior to trial).

[12] *Duvall v. State*, 273 Ga. App. 143, 146 (3) (e) (614 SE2d 234) (2005).

[13] OCGA § 16-5-40 (d) (1).

[14] See, e.g., *Mantooth v. State*, 303 Ga. App. 330, 336 (1) (b) (693 SE2d 587) (2010) (focusing on most serious offenses was a reasonable trial strategy in light of persuasive evidence of guilt); *Paul v. State*, 257 Ga. App. 86, 87 (570 SE2d 399) (2002) (same). Here, the victim made positive identifications of Thornton prior to trial and at trial, after having carefully studied him prior to the attack to determine if she knew him. Circumstantial evidence also tied Thornton to the crimes.

Thornton argued that this was not a strategy he discussed or agreed to. However, Thornton

> provided no evidence other than his own testimony to support this argument. In evaluating an attorney's performance, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Where trial counsel does not testify at the motion for a new trial hearing, it is extremely difficult to overcome this presumption. Moreover, [Thornton's] credibility was a matter for the trial court's discretion, and the court was not obligated to believe even his uncontradicted testimony. Because the trial court was free to disbelieve him, [Thornton] has failed to show that the [failure to obtain a continuance to challenge the fingerprint evidence] was the result of his trial counsel's deficient performance.[15]

(b) *Failure to obtain a fingerprint expert witness*. Thornton contends that his trial counsel's failure to obtain an expert witness to challenge the State's fingerprint evidence was deficient performance. However, as noted above, Thornton has failed to meet his burden of showing prejudice because of his trial strategy and because he did not proffer evidence to show how such a failure prejudiced him.[16]

> To establish the prejudicial effect of trial counsel's failure to present expert testimony, an appellant is required to make an affirmative showing that specifically demonstrates how counsel's failure would have affected the outcome of the case. Absent a proffer, [Thornton] cannot show that there is a reasonable probability that the outcome of the trial would have been different had his counsel taken the suggested course.[17]

(c) *Failure to object to the admission of the fingerprint evidence*. Thornton also argues that his trial counsel's failure to object to the admission of the State's fingerprint analysis was deficient performance. We reiterate that the fingerprint evidence did not prejudice Thornton's trial strategy as found by the trial court. Furthermore,

---

[15] (Citations, punctuation and footnotes omitted.) *Fraser v. State*, 283 Ga. App. 477, 483-484 (4) (b) (642 SE2d 129) (2007).

[16] See *Duvall*, 273 Ga. App. at 146 (3) (e).

[17] (Punctuation and footnote omitted.) *Daly v. State*, 285 Ga. App. 808, 813 (4) (e) (648 SE2d 90) (2007).

with respect to the merits of this argument, "[i]f the [S]tate gives the defendant late notice of a scientific report, the court may order the [S]tate to permit the discovery, grant a continuance or, *upon a showing of prejudice and bad faith*, exclude the evidence."[18] Here, there is no allegation in the record or on appeal that the State acted in bad faith in providing Thornton with the fingerprint analysis when it did, so the trial court was not required to exclude the evidence. In its order, the trial court recited these facts and concluded that a continuance was not required. In light of this ruling and the trial court's denial of Thornton's generalized motion for a continuance — even with full knowledge of the timing of the State's discovery behavior — Thornton cannot show that the trial court would have sustained an objection to the admission of the fingerprint report. Therefore, this enumeration is not grounds for reversal.

2. Thornton also contends that the trial court erred by denying his personal request for a continuance so he could hire a new attorney.

> A motion for continuance[, even to employ new counsel,] is addressed to the sound discretion of the trial court, and this [C]ourt will not interfere unless it is clearly shown that the court abused its discretion. The trial judge, in the exercise of his discretion to grant or refuse a continuance, has to consider the facts and circumstances of each case to determine what the ends of justice require. Broad discretion must be granted trial courts on matters of continuances.[19]

Here, Thornton's request came on the day of trial. He did not articulate any specific reasons for his request to hire new counsel or for the timing of his request. But even where a defendant expressed "lack of confidence in trial counsel's ability and disagreement with his advice and strategy," we have affirmed a trial court's denial of a last-minute request for a continuance to retain new counsel if it appears that the defendant negligently failed to employ new counsel promptly or if it appears he is using the tactic for delay.[20] Thornton's trial counsel had expressed that he was ready for trial, and the trial judge was familiar with and confident in Thornton's retained counsel. Based on the record before us, we cannot say the trial court

---

[18] (Emphasis supplied.) *Berry v. State*, 246 Ga. App. 9, 10 (2) (539 SE2d 516) (2000).

[19] *Gipson v. State*, 297 Ga. App. 413, 415 (2) (677 SE2d 431) (2009).

[20] *Jordan v. State*, 247 Ga. App. 551, 555 (3) (544 SE2d 731) (2001). See also *Wood v. State*, 199 Ga. App. 252, 253-254 (1) (404 SE2d 589) (1991) (finding no abuse of discretion even though defendant lacked appointed or retained counsel).

abused its discretion in denying Thornton's last-minute request for a continuance to hire new counsel.[21]

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED AUGUST 26, 2010.

*Mack & Harris, Robert L. Mack, Jr., Jerry Boykin,* for appellant.
*Patrick H. Head, District Attorney, Amelia G. Pray, Assistant District Attorney,* for appellee.

---

[21] See *Jordan,* 247 Ga. App. at 555 (3). Cf. *Stocks v. State,* 224 Ga. App. 433, 435 (2) (481 SE2d 230) (1997) ("A criminal defendant will not be permitted to use the discharge of counsel and employment or appointment of another as a dilatory tactic in postponing or avoiding trial of the issue.") (punctuation omitted).