## A03A1747. LYONS v. THE STATE.
### (596 SE2d 226)

SMITH, Chief Judge.

This case appears before us for the second time. In *Lyons v. State*, 258 Ga. App. 9 (572 SE2d 632) (2002) (*Lyons I*), we reversed Claude Lyons's conviction for two counts of selling cocaine and one count each of trafficking in cocaine and using a communication facility in committing a crime. On retrial, a jury found Lyons guilty of two counts of sale of cocaine.[1] Lyons filed and then withdrew a motion for new trial; he appeals from the judgment of conviction and sentence entered on the guilty verdict. Finding no error, we affirm.

1. Lyons complains that the trial court erred in allowing the jury to read transcripts of the audiotaped transactions between Lyons and a confidential informant, contending that the State failed to authenticate the transcripts or present testimony that they were true and accurate and that the trial court did not give cautionary instructions as to their use. But Lyons failed to raise these objections at trial. While he objected to the first set of transcripts as hearsay and contended they would confuse the jury, he did not object on the basis that the State had failed to lay a foundation for the transcripts or that they had not been authenticated. "A trial objection on a specific ground waives appellate review of other grounds. [Cits.]" *Zachery v. State*, 238 Ga. App. 191, 192 (2) (517 SE2d 71) (1999). See also *Acliese v. State*, 274 Ga. 19, 20 (2) (549 SE2d 78) (2001) (issue waived by failure to object).

Although Lyons claims the trial court failed to give special instructions to the jury regarding the transcripts, he did not request such instructions. As Lyons acknowledges, the trial court is not obligated to give cautionary instructions regarding the limited purpose of a transcript in the absence of a request to charge or an objection to the failure to charge. *Duren v. State*, 177 Ga. App. 421, 423 (2) (339 SE2d 394) (1986). This enumeration of error is without merit.

2. Lyons also contends the trial court erred in allowing the audiotapes to be played for the jury, asserting that the tapes were hearsay and denied him the right to confront the witnesses against him. In his brief, Lyons contends certain unspecified comments on the tapes are hearsay because they were not made in his presence but "after the suspect left the vehicle."[2] The trial court allowed the tapes

---

[1] The remaining charges were dismissed as a result of this court's opinion in *Lyons I*.

[2] It appears that Lyons is referring to the informant's statements at the end of the tapes describing the clothes Lyons was wearing at the time of the transactions.

on the ground that the encounters between Lyons and the confidential informant were part of the res gestae. We agree.

Res gestae declarations are those "accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought." OCGA § 24-3-3.

> Surrounding circumstances constituting part of the res gestae may always be shown to the jury along with the principal fact, and their admissibility is within the discretion of the trial court. A trial judge's determination that evidence offered as part of the res gestae is sufficiently informative and reliable as to warrant being considered will not be disturbed on appeal unless that determination is clearly erroneous.

(Citation and punctuation omitted.) *Moore v. State*, 217 Ga. App. 207, 210 (5) (456 SE2d 708) (1995). In *Moore*, we rejected the appellant's hearsay objection to a tape recording of a 911 emergency call made by the victim and witnesses and admitted the recording as part of the res gestae. Id. And a statement made to a police officer " 'very shortly after' " an incident was admitted as part of the res gestae in *McKinney v. State*, 218 Ga. App. 633, 634 (1) (463 SE2d 136) (1995). Here, the objected-to statements were made within seconds of the incidents charged, and on the same audio recordings. The trial court's decision to admit the tape recordings was not clearly erroneous.

3. Finally, Lyons objects to a portion of a police officer's testimony regarding the initial setup of the controlled buy with the confidential informants and the methods used by the police to ensure reliability of the informants. He contends that the testimony that the confidential informants "positively identified" Lyons from a photograph was improper under *White v. State*, 273 Ga. 787, 789-790 (2) (546 SE2d 514) (2001). *White* plainly holds: "In the absence of some other viable hearsay exception, such as 'necessity' or 'res gestae,' a law enforcement officer may not testify to a pre-trial identification of the accused unless the person who actually made the identification testifies at trial and is subject to cross-examination." Id. at 788.

But this does not end our inquiry. "The erroneous admission of hearsay testimony is harmless where it is cumulative of legally admissible evidence of the same fact, where it does not touch on the central issue of the case, or it could not have contributed to the verdict in light of eyewitness testimony regarding the crime. [Cits.]" *Myers v. State*, 275 Ga. 709, 713 (2) (572 SE2d 606) (2002). "The admission of hearsay identification evidence is harmless error where such evidence is merely cumulative or supported by a positive identification and other corroborating circumstances." (Citation and punctuation omitted.) *White*, supra, 273 Ga. at 791 (4).

Here, the informants' identification of Lyons is cumulative of not only the audio tapes played for the jury, but also the testimony of the officer who observed the controlled buy and positively identified Lyons at trial by his facial features, build, and voice, as well as by his distinctive car. A car dealer testified that he sold the car to Lyons.

Moreover, the officer's testimony "does not touch on the central issue of the case," addressing only the informants' identification of Lyons before any crime occurred. The error in admitting testimony with respect to the out-of-court identification was harmless.

*Judgment affirmed. Ruffin, P. J., and Miller, J., concur.*

DECIDED MARCH 4, 2004.

*James D. Lamb*, for appellant.

*J. Gray Conger, District Attorney, David B. Ross, Assistant District Attorney*, for appellee.