A05A1654. SIMMONS v. THE STATE.
(629 SE2d 86)

BARNES, Judge.

Tony Simmons appeals from his felony shoplifting conviction, contending insufficient evidence supports his conviction and that the trial court imposed an illegal sentence. For the reasons that follow, we affirm his conviction, vacate his sentence, and remand this case to the trial court for resentencing.

1. "On appeal, the evidence must be viewed in the light most favorable to the verdict and the appellant no longer enjoys the presumption of innocence; moreover, on appeal this court determines evidence sufficiency and does not weigh the evidence or determine witness credibility." (Citation and punctuation omitted.) *Williams v. State*, 217 Ga. App. 636, 638 (3) (458 SE2d 671) (1995). Viewed in this light, the record shows that the manager of the Dalton Food Center testified that he was notified when Simmons entered the store because he suspected that he had previously stolen from the store. The manager saw Simmons holding two 32-ounce Smirnoff bottles near the beer cooler and started watching him. At some point, the manager and his employees lost sight of Simmons in the store and when they next saw him, he was no longer holding the bottles. Based on Simmons' behavior in zig-zagging through the store aisles, the manager suspected that Simmons knew he was being watched. When Simmons walked back toward the beer case, the manager hid behind a display about ten feet from Simmons. After looking around him, Simmons took the Smirnoff bottles out of his pants, placed them back in the beer display, and started to walk toward the front of the store. The manager stepped forward and asked Simmons to stop, telling him he had stolen the bottles by placing them in his pants. Simmons

denied that he had stolen the bottles and jogged toward the exit of the store. Another employee stopped Simmons from leaving and the police were notified.

Before the police arrived, Simmons told the manager, "I'm sorry. I won't do it again. I won't come in here and steal anything." The police officer who was dispatched to the grocery store testified that as soon as he approached Simmons, Simmons began apologizing and stating that he did not want to go to jail. The officer then read him his *Miranda* rights. After signing a waiver of rights form, Simmons told the officer he took the two bottles of alcohol to ease a knot in his stomach and admitted that he did not have any money to pay for them.

The State also presented evidence of three similar transactions. A Sears, Roebuck & Company manager testified that Simmons placed a garage door opener packet down his pants and left the store. The store manager stopped him and called the police, who arrested Simmons. A liquor store employee testified that one year later, Simmons took a half-gallon bottle of Canadian Mist and walked out the front door with it in his hand. Six years later, the owner of the same liquor store noticed Simmons, in the rum area, "fondling something with his trousers in front of him" and "thought it was odd." After Simmons left the store, he checked the rum shelves which he had just arranged and noticed that a liter bottle of rum was missing.

We find this evidence sufficient to sustain Simmons' conviction under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). OCGA § 16-8-14 (a) (1) provides that

> [a] person commits the offense of theft by shoplifting when he . . . , with the intent of appropriating merchandise to his own use without paying for the same or to deprive the owner of possession thereof or of the value thereof, in whole or in part, . . . [c]onceals or takes possession of the goods or merchandise of any store or retail establishment.

The State presented sufficient evidence that Simmons concealed the liquor bottles and had no intent to pay for them. See *Racquemore v. State*, 204 Ga. App. 88 (1) (418 SE2d 448) (1992) (sufficient evidence supported shoplifting conviction where defendant placed two packages of meat in his pants and returned them to shelf after store personnel started following him).

2. Simmons argues the trial court erroneously applied OCGA § 16-8-14 (b) (1) (C) to impose a felony shoplifting offense. This Code provision provides:

Upon conviction of a fourth or subsequent offense for shoplifting, where the prior convictions are either felonies or misdemeanors, or any combination of felonies and misdemeanors, as defined by this Code section, the defendant commits a felony and shall be punished by imprisonment for not less than one nor more than ten years; and the first year of such sentence shall not be suspended, probated, deferred, or withheld.

The record shows that the State submitted into evidence, without objection, copies of two previous felony shoplifting convictions. It also successfully submitted, over Simmons' objections, two additional felony shoplifting convictions and three misdemeanor shoplifting convictions.

Simmons contends the trial court erred by using the five latter convictions to enhance his sentence, because the State failed to meet its burden of proving he was represented by counsel before pleading guilty to those crimes. In *Nash v. State*, 271 Ga. 281 (519 SE2d 893) (1999), the Supreme Court held that when the State seeks a recidivist sentence, "the burden is on the State to prove both the existence of the prior guilty pleas and that the defendant was represented by counsel in all felony cases and those misdemeanor proceedings where imprisonment resulted." Id. at 285.

(a) The State concedes that it failed to make this showing with regard to the two felony convictions to which Simmons objected; therefore, the trial court erred by considering them in the sentencing hearing. Our analysis does not end here, however, because we must consider whether the trial court properly considered Simmons' three previous misdemeanor shoplifting convictions.

(b) The record shows that the State also failed to show that Simmons was represented by counsel or waived this right with regard to the prior misdemeanor convictions. The State contends, however, that it was not required to demonstrate that Simmons was represented by counsel in the misdemeanor cases because there is no evidence that "imprisonment resulted." *Nash v. State*, supra, 271 Ga. at 285. While this argument has merit based on the Supreme Court's analysis in *Nash*, we must take into account the recent expansion of the right to counsel to include those misdemeanor cases in which the defendant receives a suspended or probated sentence of imprisonment. See *Alabama v. Shelton*, 535 U. S. 654 (122 SC 1764, 152 LE2d 888) (2002); *Barnes v. State*, 275 Ga. 499, 501 (2) (570 SE2d 277) (2002).

At the time the Supreme Court issued *Nash*, supra, a defendant was only entitled to counsel in a misdemeanor case if sentenced to actual imprisonment. See *Nichols v. United States*, 511 U. S. 738 (114

SC 1921, 128 LE2d 745) (1994); *Brawner v. State*, 250 Ga. 125 (2) (296 SE2d 551) (1982). Since that right has subsequently been expanded, we hold that to use prior convictions for sentence enhancement, the State must prove both the existence of the prior guilty pleas and that the defendant was represented by counsel in all felony cases and misdemeanor proceedings where imprisonment resulted or the defendant received a probated or suspended sentence.

In this case, the record shows that Simmons was ordered to pay a fine or serve thirty days in jail in all three misdemeanor cases. Thus, the right to counsel was triggered. See *Barnes v. State*, 261 Ga. App. 112, 113 (581 SE2d 727) (2003). Since the State failed to meet its burden of proving that Simmons was represented by counsel in those cases, the trial court should not have used them to enhance Simmons' shoplifting conviction into a felony.

(c) The State argues that even without the seven inadmissible convictions, it met its burden of proof because the certified copy of one of the unobjected-to felony convictions shows that Simmons pled guilty to felony shoplifting based on three previous shoplifting offenses and that he was represented by counsel when he pled guilty. Therefore, we should assume that Simmons was represented by counsel in each of the underlying shoplifting convictions based on the presumption of regularity in judicial proceedings. Assuming, without deciding, that such a presumption could be applied, Simmons has overcome any presumption because two of the underlying felonies are the same ones which we have ruled inadmissible in Division 2 (a). The third underlying felony was the other unobjected-to felony shoplifting conviction.

(d) Because the State failed to meet its burden of proving three prior shoplifting offenses, the trial court erred when it enhanced his conviction to a felony pursuant to OCGA § 16-8-14 (b) (1) (C). We therefore vacate his felony shoplifting sentence and remand this case for a resentencing consistent with *Nash v. State*, supra, 271 Ga. at 285, during which the State and Simmons may attempt to satisfy their respective burdens of production.

(e) The State concedes that based on our holding in Division 2 (d), Simmons' sentences under OCGA § 17-10-7 (a) and (c) should also be vacated.

*Judgment affirmed, sentence vacated and case remanded with direction. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED MARCH 23, 2006.

*Jerry W. Moncus*, for appellant.

*Kermit N. McManus, District Attorney, Herbert M. Poston, Jr., Stephen E. Spencer, Assistant District Attorneys*, for appellee.