## A09A1400. WRIGHT v. THE STATE.
### (687 SE2d 195)

BARNES, Judge.

Following the denial of her motion for new trial, Marsha Wright appeals from her felony shoplifting conviction, contending that the trial court erred in admitting a video surveillance tape ("videotape") of her husband committing the crime of shoplifting, and in allowing a witness to narrate the videotape as it was viewed by the jury. For the reasons that follow, we affirm her conviction.

On appeal from a criminal conviction, we construe the evidence in the light most favorable to the verdict. See *Mack v. State*, 283 Ga. App. 172 (641 SE2d 194) (2007). So viewed, the evidence shows that a Kohl's department store loss prevention officer observed Wright's husband on video surveillance wandering around the store stealing various items of merchandise. He also observed Wright and her husband meet in the shoe department and exchange bags. Wright gave her husband a plastic shopping bag containing merchandise, and the husband put a mesh store shopping bag in Wright's cart. Wright's husband was subsequently apprehended by the officer as he tried to exit the store. As the officer processed the husband in his office, he continued to monitor Wright on closed circuit television; however, the videotape recorder had been stopped to preserve the tape for use as evidence. The officer saw Wright exit the store without paying for the merchandise in her cart, and she was also arrested.

Wright testified that she and her husband entered a Kohl's department store together and she went to the customer service desk to return some items, while her husband went to the men's department. Wright testified she was unable to exchange the items because she did not have the receipt, and she eventually rejoined her husband in the shoe department. When they met, her husband placed a black mesh Kohl's shopping bag filled with merchandise into her cart, and

Wright said that they argued about the large number of items because she did not have enough money to pay for all of the clothing. Wright testified that she handed her original Kohl's bag to her husband and he left. After about one hour, Wright started looking for her husband in the store. She went outside to see if he had gone to their car in the parking lot, and the loss prevention officer subsequently stopped her. Wright testified that while she did have the cart of merchandise with her, she left it directly behind her while she pushed the door open to look for her husband.

1. Wright contends that the trial court erred in admitting the videotape of her husband shoplifting because it lacked relevance to the crime charged and was unfairly prejudicial. She argues that the videotape admitted into evidence shows no illegal conduct by Wright, and its only significance in being played to the jury was the plastic bag Wright handed to her husband, even though Wright was not charged for anything that was in that bag.

Generally, "[a]ny evidence is relevant which logically tends to prove or to disprove a material fact which is at issue in the case, and every act or circumstance serving to elucidate or to throw light upon a material issue or issues is relevant." (Citation and punctuation omitted.) *Moss v. State*, 206 Ga. App. 310 (1) (425 SE2d 386) (1992). A trial court's ruling on the admission of evidence which is objected to on the ground of relevancy lies within the sound discretion of the trial court, and will not be disturbed on appeal without a clear abuse of discretion. Id.

During trial, the videotape showing Wright's husband taking items from the store and the exchange between Wright and her husband was entered into evidence over Wright's objection. The court ruled that the tape was admissible as "part of the res gestae," because the two incidents were so closely connected.

Evidence of circumstances surrounding an arrest is generally admissible if it is relevant to the crimes charged. *Scott v. State*, 277 Ga. App. 126, 127 (1) (625 SE2d 526) (2006). Although, arguably, only a portion of the videotape was relevant to this case, where Wright met her husband and exchanged shopping bags, "[u]pon the tender of demonstrative or documentary evidence, part of which is admissible and part inadmissible, and [where] the objection is to the evidence as a whole, it is not error to admit it all." (Punctuation omitted.) *Morrill v. State*, 216 Ga. App. 468, 473 (9) (454 SE2d 796) (1995). Accord *Kirkland v. State*, 206 Ga. App. 27, 29 (6) (424 SE2d 638) (1992).

Res gestae evidence includes circumstances surrounding an arrest that "accompany an act or are so connected in time to the act as to be free from suspicion of device or afterthought." *Barrow v.*

*State*, 269 Ga. App. 635, 639 (7) (605 SE2d 67) (2004); OCGA § 24-3-3. In Georgia,

> the surrounding circumstances constituting part of the res gestae may always be shown to the jury along with the principal fact, and their admissibility is within the discretion of the trial court. Hence, acts and circumstances forming a part or continuation of the main transaction are admissible as res gestae, and it does not matter that the act is another criminal offense and does not tend to establish the main offense.

(Punctuation and footnote omitted.) *Goldsby v. State*, 273 Ga. App. 523, 527 (3) (615 SE2d 592) (2005). A trial judge's determination that evidence offered as part of the res gestae is sufficiently reliable and informative will not be disturbed on appeal absent a finding that admitting the evidence was clearly erroneous. *Robinson v. State*, 197 Ga. App. 600, 601 (2) (399 SE2d 94) (1990).

Although the videotape does not show Wright committing a crime, it does show her in possession of the merchandise for which she was charged, and the attendant circumstances leading up to her being in possession of the goods. While the State maintained that the videotape reflected Wright committing the crime of shoplifting, the tape also depicted the facts as testified to by Wright. Because the videotape was made contemporaneously to the incident at issue and provided context for the circumstances surrounding Wright's arrest, it was admissible as part of the res gestae of the crime. *Moclaire v. State*, 215 Ga. App. 360, 365 (7) (451 SE2d 68) (1994); *Lyons v. State*, 266 Ga. App. 89, 90 (2) (596 SE2d 226) (2004). Circumstances surrounding an arrest that constitute part of the res gestae may always be shown to the jury along with the principal fact, and their admissibility is within the discretion of the trial court. *Lyons*, supra, 266 Ga. App. at 90 (2).

2. Wright also contends that it was error for the trial court to allow the loss prevention officer to narrate the videotape while it was being viewed by the jury. The trial court permitted the State to show the surveillance videotape in conjunction with the testimony of the loss prevention officer. The officer testified regarding the relevant portions of the videotape, explained what he thought the videotape depicted, and the events as he observed them during his surveillance.

Where the loss prevention officer's testimony "did not reflect his personal belief as to the veracity of the evidence," it constitutes neither improper bolstering nor a statement of opinion upon an ultimate issue of fact for the jury. (Punctuation omitted.) *Ross v. State*, 262 Ga. App. 323, 324-325 (1) (585 SE2d 666) (2003). See

*Usher v. State*, 258 Ga. App. 459, 462-463 (1) (e) (574 SE2d 580) (2002). It was up to the jury to determine the weight to be given to the loss prevention officer's testimony once it was admitted. *Kitchens v. State*, 256 Ga. 1, 6 (342 SE2d 320) (1986) (Gregory, J., concurring). Accordingly, the trial court did not err in allowing the loss prevention officer to testify as to the contents of the surveillance videotape as the "testimony offered no opinion but merely pointed out factual evidence which supported the contentions of the State, evidence already before the jury." *Ross*, supra, 262 Ga. App. at 324 (1).

*Judgment affirmed. Miller, C. J., and Andrews, P. J., concur.*

## DECIDED NOVEMBER 19, 2009.

*Douglas P. Smith*, for appellant.

*Tommy K. Floyd, District Attorney, Atha H. Pryor, David E. Slemons, Assistant District Attorneys*, for appellee.