A09A2305. CRAWFORD v. THE STATE.
(691 SE2d 660)

BARNES, Judge.

Kevin Crawford appeals his convictions for armed robbery, aggravated assault, and possession of a firearm during the commission of a crime. He contends his defense counsel was ineffective because counsel did not object to the prosecution introducing fingerprint evidence obtained through the "super glue fuming" technique without first establishing the reliability of the technique or showing that the technique was performed in accordance with any standards. He also contends his defense counsel was ineffective because he did not investigate the case and call the witnesses he wanted. Finding no harmful error, we affirm.

The principles applicable to appellate review of a criminal conviction are stated in *Taylor v. State*, 226 Ga. App. 254, 255 (485 SE2d 830) (1997). Viewed in the light most favorable to the verdict, the evidence shows that Crawford entered a convenience store and, after brandishing a pistol, demanded money from the clerk on duty.

Upon taking the money and placing it in a bag, Crawford left the store. At trial, the clerk identified Crawford as the one who committed the robbery and identified a hat seized at Crawford's residence as the one Crawford was wearing during the robbery. Additionally, a fingerprint expert testified that prints taken from a drink bottle through the "super glue fluming technique" were Crawford's. After Crawford's arrest and after he was warned of his *Miranda* rights, Crawford gave a statement to the police admitting his participation in the crime and telling the officers where the money taken could be found.

Under our law,

> [t]o prevail on a claim of ineffective assistance, a defendant must show that counsel rendered deficient performance and that actual prejudice resulted. Counsel are strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment, and counsel's performance is evaluated without reference to hindsight. [An appellant] has suffered actual prejudice only where there is a reasonable probability (i.e., a probability sufficient to undermine confidence in the outcome) that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Ineffective assistance claims are mixed questions of law and fact. We accept the [trial] court's findings of fact unless clearly erroneous and independently apply the law to those facts.

(Citation and punctuation omitted.) *Head v. Hill*, 277 Ga. 255, 266 (VI) (587 SE2d 613) (2003). When considering a claim of ineffectiveness, a critical distinction exists between inadequate preparation and unwise trial strategy. *Hudson v. State*, 250 Ga. 479, 486 (8) (299 SE2d 531) (1983). Especially in matters of trial tactics, a Sixth Amendment claim cannot be judged by hindsight or result. *Slade v. State*, 270 Ga. 305, 307 (2) (509 SE2d 618) (1998).

1. We find no merit to the allegation that Crawford's defense counsel was ineffective because he failed to challenge the "super glue fuming" technique. Counsel testified at the motion for new trial hearing that the defense theory of the case was not that Crawford was not present in the store, but that the crime was not an armed robbery. When a defendant's complaint relates to counsel's tactical judgments, "in the absence of a showing, and there is none in the present case, that the trial counsel's loyalty, integrity or best use of his ability is questioned, a new trial will not be granted on the ground that the defendant was not afforded competent representation." *Walker v. State*, 226 Ga. 292, 295 (12) (174 SE2d 440) (1970).

Given counsel's theory of the case and the other evidence establishing Crawford's presence at the scene of the crime, the trial court's determination that counsel's failure to object to the fingerprint evidence was not deficient was not clearly erroneous.

2. Crawford also alleges that his defense counsel was ineffective because he failed to call Crawford's girlfriend and employer as witnesses. Crawford testified at the motion for new trial hearing that his girlfriend would have testified she was present when his employer talked to him about the scheme to get money from the store, and his employer would have testified that he had an arrangement for Crawford to get the money from the clerk so that it would appear to be a robbery. Crawford testified that the day before trial his counsel told him that it was not a good idea to call those witnesses because they would not be of any use to him. He also testified that counsel said he was going to use his girlfriend as a witness, but then the prosecution said they were going to call her as a witness, and then neither party did. Crawford also testified that his employer had told him not to worry, that he had arranged everything, and that the clerk was no longer to be found.

The decision on which defense witnesses will be called is a matter of trial strategy and tactics and does not usually constitute ineffective assistance of counsel. See *Keanum v. State*, 212 Ga. App. 662, 664 (3) (442 SE2d 790) (1994). Which witnesses to call and all other strategies and tactical decisions are the exclusive province of the lawyer after consultation with his client, *Austin v. Carter*, 248 Ga. 775, 779 (2) (c) (285 SE2d 542) (1982), and whether an attorney's trial tactics are reasonable is a question of law, not fact. *Jefferson v. Zant*, 263 Ga. 316, 318 (3) (a) (431 SE2d 110) (1993).

Counsel testified he did not call the girlfriend because the theory of the defense was that Crawford would not use a gun and the girlfriend disclosed during an interview that Crawford had taken her target shooting. Counsel did not interview Crawford's employer because he thought that the employer would either deny the allegation or admit that he and Crawford set up the robbery, and the employer would probably assert his right against self-incrimination if called as a defense witness at trial. Counsel also rejected the idea of proceeding with two theories of the defense because he did not believe that juries responded well to that tactic. Thus, counsel believed it was in Crawford's best interest not to call these witnesses. The trial court found that counsel made a conscious decision not to interview the employer, provided his reasons for not calling either witness, and determined his decision was a matter of trial strategy.

Even if we were to assume that the witnesses were to testify as Crawford alleges — and neither witness testified at the motion hearing that he or she was willing to do so — their testimony was not

truly exculpatory. Their testimony, if believed, would merely have established that Crawford conspired to steal from the store, even if the employer did not assert his right against self-incrimination, as defense counsel expected. Accordingly, we find no error in the trial court's conclusion that counsel's performance was not deficient and the conclusion was supported by the evidence.

*Judgment affirmed. Miller, C. J., and Andrews, P. J., concur.*

DECIDED MARCH 10, 2010.

*Eric A. Ballinger*, for appellant.

*Garry T. Moss, District Attorney, Patricia G. Hull, Assistant District Attorney*, for appellee.