## A11A1520. TYNER v. THE STATE.
### (722 SE2d 177)

DILLARD, Judge.

Following a jury trial, Gloria Ann Tyner was convicted of one count of felony theft by shoplifting. Tyner appeals her conviction and the denial of her motion for new trial, challenging the sufficiency of the evidence and arguing that the trial court erred in allowing a witness to testify as to an ultimate issue of fact; admitting cumulative evidence; denying her request for a continuance to obtain new counsel; sentencing her as a recidivist, pursuant to OCGA § 17-10-7, based on her past shoplifting convictions; improperly expressing its opinion as to the evidence and her guilt; and denying her ineffective-assistance-of-counsel claims. For the reasons set forth infra, we affirm.

Viewed in the light most favorable to the jury's guilty verdict,[1] the evidence shows that on June 5, 2010, a loss-prevention officer for a large department store in a shopping mall was monitoring the store's video-surveillance cameras when he observed Tyner approach a display containing designer handbags, examine one of the handbags, and then walk toward the exit. And while the officer found Tyner's behavior suspicious, no security guard was on duty that day, and therefore, Tyner was not questioned. A few minutes later, Tyner exited the store, and the officer saw her drive away.

On June 12, 2010, only one week after the first incident, the same loss-prevention officer was monitoring the store's video-surveillance cameras when he once again saw Tyner—whom he recognized because she was wearing the identical clothing she had worn a week earlier—approach the same display of designer handbags. After Tyner examined the display, the officer observed her concealing a handbag under one of the department store's shopping bags, which she was carrying. This time, a security guard was on duty, and the officer told the guard to stand near the exit to prevent Tyner from leaving. Tyner apparently noticed the security guard, and thus, instead of immediately exiting, she walked around the store's lingerie section for several minutes before attempting to conceal the handbag under a rack of clothes. She then proceeded toward the store's exit but was stopped by the security guard, searched, and escorted to the store's office to await the arrival of police. Thereafter, at the loss-prevention officer's direction, one of the store's assistant managers retrieved the bag that Tyner had concealed under the clothing rack, which contained a designer

---

[1] See, e.g., Goolsby v. State, 299 Ga. App. 330, 330-31 (682 SE2d 671) (2009); see also Jackson v. Virginia, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

handbag and four wallets—the total value of which exceeded $1,000.

Tyner was thereafter indicted on two counts of felony theft by shoplifting, with Count 1 alleging that she stole a purse from the store on June 5, 2010, and Count 2 alleging that she stole a purse and wallets from the store on June 12, 2010. During trial, the loss-prevention officer testified regarding his observation of Tyner's actions on the subject dates, as well as the value of the stolen merchandise, and the police officer, who was dispatched to the store, testified regarding Tyner's arrest. At the trial's conclusion, the jury found Tyner not guilty on Count 1 but guilty on Count 2, and the trial court imposed a sentence of ten years to serve.

Thereafter, Tyner obtained new counsel and filed a motion for a new trial, alleging, inter alia, that her trial counsel provided ineffective assistance. And after conducting a hearing on the matter, during which Tyner and her trial counsel testified, the trial court denied Tyner's motion. This appeal follows.

1. Tyner challenges the sufficiency of the evidence supporting her felony shoplifting conviction, arguing that the State failed to prove that any merchandise was actually taken or concealed, given that no merchandise was found on her person, in her bag, or in her car. This contention is without merit.

At the outset, we note that when a criminal conviction is appealed, the evidence must be viewed in the light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence.[2] And in evaluating the sufficiency of the evidence, "we do not weigh the evidence or determine witness credibility but only determine whether a rational trier of fact could have found the defendant guilty of the charged offenses beyond a reasonable doubt."[3] Accordingly, the jury's verdict will be upheld "[a]s long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case. . . ."[4]

Additionally, OCGA § 16-8-14 (a) (1) provides, in relevant part, that

> [a] person commits the offense of theft by shoplifting when he . . . , with the intent of appropriating merchandise to his own use without paying for the same or to deprive the owner of possession thereof or of the value thereof, in whole

[2] *See, e.g., English v. State*, 301 Ga. App. 842, 842 (689 SE2d 130) (2010).

[3] *Joiner v. State*, 299 Ga. App. 300, 300 (682 SE2d 381) (2009); *see also Jackson*, 443 U. S. at 319 (III) (B).

[4] *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001) (punctuation omitted).

or in part, . . . [c]onceals or takes possession of the goods or merchandise of any store or retail establishment.[5]

And shoplifting is punished "as a misdemeanor if the value of merchandise taken is $300 or less[, but] [t]he offense is a felony if the value of merchandise taken is greater than $300."[6]

Here, the evidence showed that Tyner took a purse and four wallets from the department store's display and concealed the merchandise under a clothing rack after realizing that she was under surveillance and could not exit the store without being stopped and searched by the security guard. Tyner, nevertheless, contends that this evidence is insufficient because no merchandise was found on her person. However, "[w]hether the requisite intent is manifested by the circumstances is a question for the trier of fact, and, on review, this court will not disturb the factual determination unless it is contrary to the evidence and clearly erroneous."[7] And under these circumstances, the evidence was sufficient to support the jury's finding that Tyner was guilty beyond a reasonable doubt of theft by shoplifting.[8]

2. In the same enumeration of error challenging the sufficiency of the evidence, Tyner contends that the trial court erred in (1) allowing the department store's loss-prevention officer to improperly narrate while the surveillance video was played for the jury and (2) admitting into evidence still photographs taken from the surveillance footage. We note that Tyner did not specifically enumerate either of these claims of error but instead has improperly used her brief to expand her enumerations of error.[9] Nevertheless, Tyner's claims are wholly without merit.

---

[5] OCGA § 16-8-14 (a) (1).

[6] *Raszeja v. State*, 298 Ga. App. 713, 714 (1) (680 SE2d 690) (2009) (punctuation omitted); *see* OCGA § 16-8-14 (b) (1), (2).

[7] *Foster v. State*, 192 Ga. App. 720, 720 (386 SE2d 383) (1989) (punctuation omitted).

[8] *See Simmons v. State*, 278 Ga. App. 372, 372-73 (1) (629 SE2d 86) (2006) (holding that evidence that defendant initially concealed liquor bottles but attempted to return them to shelf when he realized he was being watched was sufficient to support shoplifting conviction); *Racquemore v. State*, 204 Ga. App. 88, 88 (1) (418 SE2d 448) (1992) (holding that sufficient evidence supported shoplifting conviction when defendant placed two packages of meat in his pants and returned them to shelf after store personnel started following him); *Allen v. State*, 197 Ga. App. 3, 3 (1) (397 SE2d 472) (1990) (holding that sufficient evidence supported shoplifting conviction when defendant placed cigarette cartons in bags and then placed bags at an unoccupied cash register adjacent to store's exit before proceeding to another aisle to pay for other groceries in his cart); *Foster*, 192 Ga. App. at 720 (holding that evidence supported shoplifting conviction when defendant put two steak packages in his jacket but then placed the packages on a shelf containing paper goods after he realized he was being watched by store employees).

[9] *See Manley v. State*, 287 Ga. App. 358, 360 (4) (651 SE2d 453) (2007) (noting that "a party cannot expand her enumerations of error through argument or citation in her brief" (punctuation omitted)).

In the trial of this matter, the State played the surveillance tapes that showed Tyner's actions in the department store on the two dates in question while the loss-prevention officer explained what he thought the tapes depicted during his surveillance. Tyner argues that this testimony constituted improper bolstering, but we disagree. Indeed, the officer's testimony "did not reflect his personal belief as to the veracity of the evidence, [and therefore,] it constitutes neither improper bolstering nor a statement of opinion upon an ultimate issue of fact for the jury."[10] Moreover, it was up to the jury "to determine the weight to be given to the loss prevention officer's testimony once it was admitted."[11] Accordingly, the trial court did not err in allowing the officer to testify regarding what was depicted on the surveillance videotape, as the "testimony offered no opinion but merely pointed out factual evidence which supported the contentions of the State, evidence already before the jury."[12]

Tyner also argues that still photographs taken from the surveillance video footage and shown to the jury during trial were cumulative and thus prejudicial. Again, we disagree. Generally, "[t]he admission of cumulative evidence is harmless."[13] And here, Tyner failed to demonstrate how the admission of these photographs was prejudicial. Thus, her claim that the admission of this cumulative evidence constituted reversible error lacks merit.

3. Tyner also contends that the trial court erred in denying her request for a continuance to hire new counsel, which she did not make until the day of her trial. We disagree.

It is well settled that

> [a] motion for continuance, even to employ new counsel, is addressed to the sound discretion of the trial court, and this Court will not interfere unless it is clearly shown that the court abused its discretion. The trial judge, in the exercise of his discretion to grant or refuse a continuance, has to consider the facts and circumstances of each case to determine what the ends of justice require. Broad discretion must be granted trial courts on matters of continuances.[14]

And here, Tyner requested a continuance to obtain new counsel

---

[10] *Wright v. State*, 301 Ga. App. 178, 180 (2) (687 SE2d 195) (2009) (punctuation omitted); *see Ross v. State*, 262 Ga. App. 323, 324-25 (1) (585 SE2d 666) (2003).

[11] *Wright*, 301 Ga. App. at 181 (2).

[12] *Id.* (punctuation omitted).

[13] *Wright v. State*, 259 Ga. App. 74, 78 (4) (576 SE2d 64) (2003) (punctuation omitted).

[14] *Thornton v. State*, 305 Ga. App. 692, 696 (2) (700 SE2d 669) (2010) (punctuation omitted).

on the day of trial just before the beginning of jury selection, claiming that she was not satisfied with how her current hired counsel was handling her case. Nevertheless,

> even where a defendant expressed lack of confidence in trial counsel's ability and disagreement with his advice and strategy, we have affirmed a trial court's denial of a last-minute request for a continuance to retain new counsel if it appears that the defendant negligently failed to employ new counsel promptly or if it appears he is using the tactic for delay.[15]

Given the foregoing, we simply cannot say that the trial court abused its discretion in denying Tyner's last-minute request for a continuance to hire new counsel.[16]

4. Tyner also contends that the trial court erred in sentencing her as a recidivist pursuant to OCGA § 17-10-7. This contention is likewise without merit.

Immediately after the jury found Tyner guilty of felony shoplifting, the trial court held a sentencing hearing, during which the State's prosecutor noted that Tyner had previous convictions of both felony and misdemeanor shoplifting and argued for the court to impose the maximum sentence. The State did not, however, argue that Tyner should be sentenced as a recidivist pursuant to OCGA § 17-10-7.

Thereafter, the trial court imposed a sentence of ten years to serve in confinement, which is, in fact, the maximum sentence for felony theft by shoplifting.[17] And in doing so, the trial court made no mention of the recidivist statute. Furthermore, the sentencing form similarly makes no mention of Tyner being sentenced pursuant to OCGA § 17-10-7. Thus, the trial court imposed a sentence within the statutory limits, and "this court will not disturb a sentence within the statutory limits."[18]

5. Tyner further contends that the trial court committed reversible error by expressing its opinion as to the evidence and her guilt,

---

[15] *Id.* (punctuation omitted); *see Jordan v. State*, 247 Ga. App. 551, 555 (3) (544 SE2d 731) (2001) (holding that trial court did not abuse its discretion in denying defendant's request for continuance to hire new counsel made five days before trial even though defendant expressed disagreement with current counsel's strategy).

[16] *See Thornton*, 305 Ga. App. at 696-97 (2); *Jordan*, 247 Ga. App. at 555 (3).

[17] *See* OCGA § 16-8-14 (b) (2) ("A person convicted of the offense of theft by shoplifting, as provided in subsection (a) of this Code section, when the property which was the subject of the theft exceeds $300.00 in value commits a felony and shall be punished by imprisonment for not less than one nor more than ten years.").

[18] *Raszeja*, 298 Ga. App. at 716 (4) (punctuation omitted).

in violation of OCGA § 17-8-57, at several points during the trial. We disagree.

OCGA § 17-8-57 provides:

> It is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused. Should any judge violate this Code section, the violation shall be held . . . to be error and the decision in the case reversed, and a new trial granted in the court below . . . .

However, to constitute an improper comment under OCGA § 17-8-57, "the trial court's statement must express an opinion about whether the evidence has proven a material issue in the case, whether a witness was credible, or whether the defendant was guilty."[19]

In the case sub judice, the loss-prevention officer stated during his testimony regarding the surveillance video footage that his store averaged one shoplifter per week. Tyner objected on relevancy grounds, but the trial court responded: "I think what he's trying to do, he's not saying that she is the person committing all these shopliftings, I think what he's trying to do is show that he has some expertise in why he focused on this particular person." Shortly thereafter, the loss-prevention officer, while still narrating the video, testified that Tyner was heading toward the store's exit until she saw the security guard. Tyner again objected, arguing that the testimony was speculative, to which the trial court responded: "The jurors can see what she did. That's his interpretation of it. They can reach their own conclusions."

Tyner now argues that the trial court's statements showed a bias in favor of the State and improperly opined that she was, in fact, the woman depicted in the video footage. But contrary to Tyner's assertion, the trial court's comments and use of the word "she" to describe the female depicted in the video footage did not amount to bias or to issuing an opinion as to identity. Indeed, the trial court's comments were merely explanations as to why it did not agree with Tyner's objections to the loss-prevention officer's testimony. Importantly, "[a] ruling by the court on a point of law is not an expression of opinion; neither are remarks by the court explaining the court's rulings."[20]

Tyner also argues that the trial court violated OCGA § 17-8-57 when it questioned the loss-prevention officer as to what kind of

---

[19] *Artis v. State*, 299 Ga. App. 287, 290 (2) (682 SE2d 375) (2009) (punctuation omitted).

[20] *Id.* (punctuation omitted).

work he did before being employed in retail and whether he had already testified about the value of the subject merchandise. Tyner further claims that the court erred when it inquired about venue by asking if the department store was located in Coweta County. Again, we disagree that any of these questions violated OCGA § 17-8-57. A trial court "may propound questions to a witness to develop the truth of the case, to clarify testimony, to comment on pertinent evidentiary rules and to exercise its discretion when controlling the conduct of counsel or witnesses in order to enforce its duty to ensure a fair trial to both sides."[21] And here, none of the trial court's questions, including its query regarding venue, expressed or intimated its opinion as to what had or had not been proved by the State.[22]

6. Finally, Tyner contends that her trial counsel rendered ineffective assistance in a number of ways, namely in failing to (a) call the store security guard as an exculpatory witness, (b) have parts of the trial transcribed and file jury charges, (c) object to improper testimony, (d) assert a diminished-capacity defense, and (e) zealously represent her during sentencing. But based on our review of the record, we find that Tyner has not demonstrated that her conviction should be reversed due to ineffective assistance of counsel.

In order to prevail on her claims of ineffective assistance of counsel, Tyner "must show that counsel's performance was deficient and that the deficient performance so prejudiced [her] that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different."[23] In addition, there is a strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct, and a criminal defendant must overcome this presumption.[24] And unless clearly erroneous, we will uphold a trial court's factual determinations with respect to claims of ineffective assistance of counsel.[25] A trial court's legal conclusions in this regard, however, are reviewed de novo.[26] Moreover, we note that the jury acquitted Tyner of one of the shoplifting counts, which "strongly supports the conclusion that the assistance actually ren-

---

[21] *Dickens v. State*, 280 Ga. 320, 324 (3) (627 SE2d 587) (2006).

[22] *See State v. Gardner*, 286 Ga. 633, 633-35 (690 SE2d 164) (2010) (holding that trial court's query as to whether the State had proven venue did not violate OCGA § 17-8-57). *Compare Patel v. State*, 282 Ga. 412, 413 (2) (651 SE2d 55) (2007) (holding that reversal was required when trial court stated that "[v]enue is proper in [this county] or we wouldn't be here right now").

[23] *Chapman v. State*, 273 Ga. 348, 349-50 (2) (541 SE2d 634) (2001); *see also Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SC 2052, 80 LE2d 674) (1984).

[24] *Chapman*, 273 Ga. at 350 (2).

[25] *Id.*; *see also Henderson v. State*, 303 Ga. App. 898, 898 (1) (695 SE2d 334) (2010).

[26] *Henderson*, 303 Ga. App. at 898 (1).

dered by [her] trial counsel fell within that broad range of reasonably effective assistance which members of the bar in good standing are presumed to render."[27] With these guiding principles in mind, we will now address each of Tyner's remaining claims in turn.

(a) *Failure to call an exculpatory witness.* Tyner argues that her trial counsel provided ineffective assistance by failing to call the department store security guard as a witness. Specifically, she argues that the guard would have aided her defense by testifying that she did nothing wrong on the day she was arrested for shoplifting.

In considering this argument, we initially note that "[t]he decision on which defense witnesses will be called is a matter of trial strategy and tactics and does not usually constitute ineffective assistance of counsel."[28] In fact, "[w]hich witnesses to call and all other strategies and tactical decisions are the exclusive province of the lawyer after consultation with his client, and whether an attorney's trial tactics are reasonable is a question of law, not fact."[29]

Here, in support of her claim that trial counsel's failure to call the department store security guard as a witness constituted deficient performance, Tyner testified during her motion-for-new-trial hearing that on the day she was arrested, the department store security guard searched her person and car and, after finding nothing, apologized to her and told her that she had done nothing wrong. Tyner further testified that she informed her counsel about the security guard's statement, but that her counsel made no effort to interview the guard or call him as a witness.

The security guard also testified at the motion-for-new-trial hearing, and although he confirmed that he was never contacted by Tyner's trial counsel, Tyner's appellate counsel did not ask the guard what his testimony would have been had he been called as a witness. Regardless, even if we were to assume that the security guard would have testified at trial as Tyner alleges, such testimony was not truly exculpatory. Neither the loss-prevention officer nor the State alleged that Tyner was apprehended *with* the stolen merchandise on her person or in her car. Rather, Tyner was accused of taking the designer handbag and wallets and then concealing them under a clothing rack when she realized she was under surveillance. Thus, the security guard's alleged comments to Tyner in no way contradicted the State's theory of the case. Accordingly, we find no error in the trial court's conclusion that trial counsel's failure to call the

---

[27] *Goss v. State*, 305 Ga. App. 497, 499 (2) (699 SE2d 819) (2010) (punctuation omitted).
[28] *Crawford v. State*, 302 Ga. App. 782, 784 (2) (691 SE2d 660) (2010).
[29] *Id.* (citation omitted).

guard as a witness was not deficient.[30]

(b) *Failure to request transcription and to file jury charges.* Tyner also claims that her trial counsel rendered ineffective assistance by failing to request that jury selection, opening statements, and closing arguments be transcribed and in failing to file specific jury charges. However, Tyner has not shown—or even argued—how this alleged failure prejudiced her or affected the outcome of her trial, and thus, she cannot demonstrate ineffective assistance on this ground.[31] Indeed, "[m]erely alleging that counsel provided ineffective assistance, without more, is insufficient to establish a claim of ineffective assistance of counsel."[32]

(c) *Failure to make objections.* Tyner argues that her counsel rendered ineffective assistance by failing to object to improper testimony and other evidence. Specifically, she claims that her trial counsel performed deficiently by failing to object to opinion testimony offered by the loss-prevention officer, several instances of hearsay testimony, leading questions by the State, and cumulative evidence. However, as previously noted, "[i]n evaluating an attorney's performance, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[33] And where trial counsel does not testify at the motion for new trial hearing about the subject, "it is extremely difficult to overcome this presumption."[34]

And here, during the motion-for-new-trial hearing, Tyner failed to question her trial counsel as to why he did not object to any of the testimony or evidence that she claims was improper. Given these circumstances, "any decision not to object is presumed to be a strategic one which will not support a claim of ineffective assistance of counsel."[35]

(d) *Failure to present diminished capacity defense.* Tyner also contends that her counsel rendered ineffective assistance by failing to investigate her claim that she suffers from several mental-health

---

[30] *See id.* at 784-85 (2) (holding that counsel did not perform deficiently by failing to call witness whose testimony would not have been truly exculpatory).

[31] *See Wright v. State*, 274 Ga. 730, 732 (2) (a) (559 SE2d 437) (2002) (holding that counsel did not provide ineffective assistance based on his failure to have voir dire, opening, or closing transcribed when defendant did not assert that anything harmful or prejudicial occurred during those portions of the trial); *Smith v. State*, 309 Ga. App. 241, 249 (3) (d) (709 SE2d 823) (2011) (holding that defendant's ineffective assistance claim failed when defendant did not establish how counsel's failure to request certain charge prejudiced defendant's trial).

[32] *Slaughter v. State*, 282 Ga. App. 276, 277 (1) (638 SE2d 417) (2006).

[33] *Higginbotham v. State*, 287 Ga. 187, 190 (5) (a) (695 SE2d 210) (2010) (punctuation omitted).

[34] *Id.* at 190-91 (5) (a) (punctuation omitted).

[35] *Wilson v. State*, 306 Ga. App. 827, 831 (2) (a) (703 SE2d 400) (2010) (punctuation omitted).

disabilities and, consequently, to implement a diminished-capacity defense. This contention lacks merit.

During Tyner's motion-for-new-trial hearing, Tyner's appellate counsel asked her trial counsel whether Tyner informed counsel of her mental-health condition. Trial counsel responded: "I do not recall her telling me that." Later during the hearing, Tyner insisted that she had informed trial counsel regarding her condition. Nevertheless, "the trial court had every right to disbelieve this self-serving testimony in favor of counsel's testimony."[36] Accordingly, the trial court did not err in finding that Tyner failed to demonstrate that her trial counsel performed deficiently in this regard.[37]

(e) *Failure to adequately contest sentencing.* Tyner also contends that her trial counsel rendered ineffective assistance by failing to contest her recidivist sentencing and by failing to present mitigation evidence on her behalf during the sentencing hearing. We disagree.

First, as noted supra, the trial court did not sentence Tyner pursuant to the recidivist statute. As such, any claim that Tyner's trial counsel performed deficiently by failing to contest such sentencing is wholly without merit.[38] Furthermore, at the motion-for-new-trial hearing, the only proffer of mitigation evidence that could have been presented at sentencing was Tyner's testimony that she suffered from mental-health problems. But as previously noted in Division 6 (d), the trial court did not err in finding that Tyner's trial counsel was never made aware of her condition. Beyond her testimony about her mental-health condition, Tyner did not proffer any other evidence or witnesses that trial counsel could have offered in mitigation of her sentence. And absent any such showing in the record, "we cannot find that counsel's failure to present mitigation evidence was deficient or that it prejudiced [Tyner's] case."[39]

Moreover, while we agree with the trial court that Tyner failed to demonstrate that her trial counsel performed deficiently, even if we were to assume such deficiencies, considering their collective prejudicial effect, we conclude as a matter of law that the absence of those deficiencies would not in reasonable probability have changed the outcome of Tyner's trial.[40] Accordingly, the trial court did not err in

---

[36] *Pattillo v. State*, 304 Ga. App. 344, 345 (696 SE2d 370) (2010).

[37] *See id.* (holding that trial court did not have to believe defendant's testimony that he identified an alibi witness but that his trial counsel failed to interview that witness).

[38] *See Ventura v. State*, 284 Ga. 215, 218 (4) (663 SE2d 149) (2008) (holding that "[t]he failure to pursue a futile objection does not amount to ineffective assistance").

[39] *Kendrick v. State*, 279 Ga. App. 263, 267 (2) (b) (630 SE2d 863) (2006).

[40] *See Carrie v. State*, 298 Ga. App. 55, 64 (7) (679 SE2d 30) (2009) (holding that absence of trial counsel's assumed deficiencies would not in reasonable probability have changed the outcome of defendant's trial). *See generally Schofield v. Holsey*, 281 Ga. 809, 811 (II) n.1 (642 SE2d 56) (2007) (holding that the combined effect of trial counsel's deficiencies should be

denying Tyner's claims of ineffective assistance of counsel.
*Judgment affirmed. Mikell, C. J., and Boggs, J., concur.*

DECIDED JANUARY 13, 2012.

*Maureen M. McLeod, Dorian Murry*, for appellant.
*Peter J. Skandalakis, District Attorney, Timothy M. Marlow, Assistant District Attorney*, for appellee.

---

considered in determining prejudice).