**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**March 5, 2014**

# In the Court of Appeals of Georgia

A13A2216. WILLIAMS v. THE STATE.

MCFADDEN, Judge.

Corey Williams appeals his convictions of armed robbery, hijacking a motor vehicle, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. He argues that he received the ineffective assistance of trial counsel. We conclude that counsel's decision not to present an image from a surveillance camera did not amount to deficient performance. We therefore affirm the convictions.

Williams was charged with robbing Melvin Norman with the use of a handgun and taking Norman's truck. Norman testified that one morning when he was leaving for work, a young man approached him as he was about to get into his truck. The young man pointed a gun at Norman and demanded his money. Norman had an

opportunity to observe the robber because the robber demanded that Norman take him to an automatic teller machine and then demanded that Norman allow him to enter Norman's house. Norman refused those demands, and the robber took the truck keys from his hand and left in the truck. The incident lasted five or ten minutes.

Norman returned to his house, and his wife immediately called the police. Within five to ten minutes, police arrived at Norman's house, and shortly thereafter, an officer drove Norman to a Chevron station a little over a mile away, where police had located his truck. At the Chevron, Norman spontaneously identified Williams as the perpetrator because he recognized his face. Norman also identified Williams at trial.

According to the officer who responded to the 911 call, Norman described the perpetrator as being a black male with a slender build, wearing a dark-colored hoodie. But Norman's written statement, taken down by a different officer, described the perpetrator as wearing a light-colored hoodie. Norman testified that he did not write the statement that the perpetrator was wearing a light-colored hoodie. He testified that, during the incident, he did not focus on what the perpetrator was wearing, but instead focused on his face.

To prevail on his claim of ineffective assistance of counsel, Williams was required to show both deficient performance by trial counsel and actual prejudice. *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SC 2052, 80 LE2d 674) (1984); *Smith v. Francis*, 253 Ga. 782, 783 (1) (325 SE2d 362) (1985). If he "fails to meet his burden of proving either prong, then we do not need to examine the other prong." *Works v. State*, 301 Ga. App. 108, 114 (7) (686 SE2d 863) (2009). We conclude that Williams failed to show a deficient performance.

Williams argues that trial counsel was ineffective because she failed to present certain evidence that he contends was exculpatory. Specifically, he argues that counsel should have presented an image from the surveillance camera at the Chevron station where Norman's truck was recovered. The image, captured near the time of the robbery, showed a man wearing a light-colored hoodie. Williams argues that this image was exculpatory, given that the written statement indicated Norman had described the robber as wearing a light-colored hoodie.

Trial counsel reviewed the images from the surveillance camera, including the image of the man wearing the light-colored hoodie. She testified that she did not present the image of the man wearing the light-colored hoodie because she did not believe the evidence was exculpatory.

3

We conclude that counsel's decision not to present the image was not unreasonable. Even assuming that the image showed a man wearing a light-colored hoodie in the nearby store minutes before the armed robbery, as Williams argues, Williams still could have committed the crime. See *Tyner v. State*, 313 Ga. App. 557, 564-565 (6) (a) (722 SE2d 177) (2012) (testimony that defendant argued trial counsel should have introduced was not truly exculpatory because it did not contradict state's theory of the case). If the image were identifiable as Williams rather than merely as a person who superficially resembled him and who was wearing a garment superficially similar to the garment Norman described his assailant as having worn, the argument might have merit. As it is Williams' argument that trial counsel was ineffective for failing to present this image is based on the "suggestion that another person may have committed the crime [which] was no more than supposition, . . . inferred from [evidence] which did not demand such an inference." *Guess v. State*, 264 Ga. 335, 337 (5) (443 SE2d 477) (1994). "The [image at issue] does not raise a reasonable doubt that did not otherwise exist, evaluated in the context of the entire record," *Maddox v. Seay*, 243 Ga. 793, 794 (1) (256 SE2d 904) (1979), particularly given defense counsel's cross examination of Norman regarding his description of the perpetrator.

4

Trial counsel's decision not to present this evidence did not amount to deficient performance. *Crawford v. State*, 302 Ga. App. 782, 784-785 (2) (691 SE2d 660) (2010). See also *Green v. State*, 291 Ga. 287, 297 (10) (c) (728 SE2d 668) (2012) (counsel's decision not to have DNA testing conducted on certain material did not amount to deficient performance; although appellant argued DNA testing would have yielded a different suspect, counsel reasonably concluded that testing would not be helpful or exculpatory). "Trial counsel . . . made a strategic decision not to use the [image] because . . . counsel believed that the evidence would not have helped [Williams'] case. In light of trial counsel's reasonable strategic decisions, evidence supports the trial court's conclusion that [Williams] failed to meet his burden of showing ineffective assistance of trial counsel. See *Smith v. State*, 283 Ga. 237, 239 (2) (657 SE2d 523) (2008)." *Nelson v. State*, 285 Ga. 838, 840 (2) (684 SE2d 613) (2009). See also *Woods v. State*, 275 Ga. 844, 849 (3) (d) (573 SE2d 394) (2002) (counsel's performance was not deficient for not using a videotape to contradict state witnesses who testified that defendant was at a picnic the day after the murder; the absence of defendant's image on the videotape of the picnic did not prove he was not at the picnic, but showed only that he was "just not on that portion of the tape"; counsel realized the tape could have "backed up" defendant's alibi defense but made

5

the reasonable decision not to use it because it did not "add to anything" regarding the "swearing contest" between appellant and the state witnesses); *Brown v. State*, 268 Ga. 354, 357 (4) (a) (490 SE2d 75) (1997) (trial counsel was not ineffective for failing to introduce evidence that "did not rule out the possibility that [the accused] was nonetheless at the murder scene"); *Williams v. State*, 300 Ga. App. 839, 842 (2) (b) (686 SE2d 446) (2009) (counsel was not ineffective for failing to introduce videotape which, defendant argued, showed a discrepancy between armed robbery victim's description of what he wore and as shown on videotape, because trial counsel thoroughly attacked victim's identification of her attacker based on her description of the clothing he allegedly wore that night). Compare *Blouin v. State*, 255 Ga. App. 788, 790 (567 SE2d 39) (2002) (counsel's performance was deficient when "[c]ounsel did not decide not to use the [exculpatory] evidence, but simply forgot to consider it").

*Judgment affirmed. Doyle, P. J., and Boggs, J., concur.*